[No. 20348.  In Bank. — March 29, 1888.]

THE PEOPLE, RESPONDENT, v. GUSSIE YEATON, APPELLANT.

CRIMINAL LAW — EVIDENCE — CONFESSION — IMPEACHMENT OF WITNESS — CONTRADICTORY STATEMENTS. — The defendant in a criminal prosecution, who is a witness in her own behalf, cannot be compelled, on cross-examination, to testify to statements made by her out of court, which amount to a confession of the crime, unless it be first shown that the confession was voluntary. And this is so, although the evidence be offered by the prosecution, not as a confession, but merely as contradictory statements, for the purpose of impeaching the witness.

ID. — EVIDENCE OF PART OF SAME TRANSACTION. — One of the confessions introduced was a letter written by the defendant when in jail, to the prosecuting witness. The defendant testified that the letter was written at the request and on the advice of her mother, who visited her at the jail with one Oxendine, and told her that she had consulted an attorney, who advised the writing of the letter. In this connection, the defendant offered to prove by her own testimony, and by the testimony of her mother and of Oxendine, that at that conference she told them she was entirely innocent. The court excluded the evidence. *Held*, that the ruling was error, as the conference and the writing of the letter should be considered as one transaction.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Jackson Hatch*, for Appellant.

*Attorney-General Johnson, Edward Sweeny*, and *Clay W. Taylor*, for Respondent.

McFARLAND, J.—The defendant, a young girl about fifteen years old, was convicted of the crime of an attempt to commit arson. When the prosecution had closed its case in chief, the only evidence against the defendant was circumstantial; and it was of such a character that the jury might well have considered it insufficient to warrant a verdict of guilty. The defendant then took the stand as a witness for herself. She testified to some circumstances connected with her residence as a servant with Mrs. Ludwig (whose house she was charged with the attempt to burn); and denied that she had anything to do with the alleged crime, or knew anything about the origin of the fire. She was then subjected to a cross-examination, which, even in its *general* features, went to the utmost bounds of, if it did not exceed, the limits to which, under section 1323 of the Penal Code, and *People* v. *O'Brien*, 66 Cal. 602, the cross-examination of a defendant in a criminal case should be

allowed to go.   But in addition to other things, she was compelled on the cross-examination, against the objections of her counsel, to testify to statements made by her out of court, which were not merely admissions of facts which tended to prove her guilt, but absolute confessions of the commission of the crime.   And this was done without any pretense on the part of the prosecution to show, preliminarily, that the confessions were voluntary.

It is true that these confessions were admitted upon the asserted theory that they were not introduced as confessions, but merely as contradictory statements, for the purpose of impeaching the defendant as a witness, and upon the apparently innocent belief that the jury would not consider them at all except for the special purpose indicated.   But we think that under such a guise the prosecution cannot be allowed to introduce confessions without the proper preliminary proof required by well-settled rules of evidence.   The defendant was arrested the morning after the fire and taken to jail. She saw no attorney or other person capable of giving her advice.   She swears that Mrs. Ludwig, and the constable, and her mother, and in fact every one who had access to her, told her that she would certainly be found guilty, and that the best thing she could do would be to confess, and thus try to gain the kindness and mercy of her prosecutor, and that she was also offered money and other inducements to confess.   The prosecution in making out its case did not offer these confessions, presumably because it could not prove that they were made voluntarily.

Therefore, at the close of the evidence in chief of the prosecution, the defendant was in this condition: She either had to forego the privilege of testifying in her own behalf and denying the charge under oath, or, if she did testify, then upon the theory of the prosecution, it could get in the confessions on cross-examination

without the preliminary proof. We do not think this to be the fair meaning of the law; and we think that the admission of the confessions was a material error.

One of the confessions introduced was a letter written by defendant when in jail to Mrs. Ludwig. Defendant testified that this letter was written at the request and on the advice of her mother, who visited her at the jail with one Mr. Oxendine, and told her that she (her mother) had consulted an attorney, who had advised the writing of the letter. In connection with this matter, defendant offered to prove by her own testimony, and by the testimony of her mother and said Oxendine, whom she called to the witness-stand for that purpose, that at that conference she told her mother and Oxendine that she was entirely innocent of the alleged crime. This testimony was rejected, and we think erroneously. Under the circumstances, this conference and the writing of the letter should be considered as one transaction, and should all have gone to the jury.

We are not prepared to say that the appointment of an elisor to summon the jury was erroneous, or that it was a matter that can be reviewed on this record. In such matters, however, courts should follow the statutes as closely as possible.

The instructions to the jury were very voluminous; but we do not see any material error in them, except as they may be inconsistent with the views hereinbefore expressed.

Judgment reversed and new trial ordered.

TEMPLE, J., THORNTON, J., PATERSON, J., SEARLS, C. J., and SHARPSTEIN, J., concurred.