[Crim. No. 1061.   First Appellate District, Division One.—September 25, 1922.]

## THE PEOPLE, Respondent, v. SIDNEY HERBERT, Appellant.

[1] CRIMINAL LAW — VIOLATION OF POISON ACT — SUFFICIENCY OF EVIDENCE.—In this prosecution under an information charging the defendant with having in his possession a preparation of morphine contrary to the provisions of section 8 of the State Poison Act, the evidence was sufficient to connect the defendant with the possession of the narcotics.

[2] ID.—POSSESSION OF NARCOTICS — INSTRUCTION.—An instruction in effect that the burden of proving possession of the narcotics as alleged in the information rested upon the prosecution, and such possession must have been an immediate and exclusive possession and one under the dominion and control of the defendant, correctly stated the law.

[3] ID.—MISCONDUCT OF DISTRICT ATTORNEY—APPEARANCE OF DEFENDANT—INSTRUCTION—ABSENCE OF PREJUDICE.—The suggestion by the district attorney in his closing argument that defendant appeared to be and was a drug addict, was without prejudice, where the court charged the jury to disregard the statement.

APPEAL from a judgment of the Superior Court of Alameda County. Lincoln S. Church, Judge. Affirmed.

The facts are stated in the opinion of the court.

Reuben J. Liebman for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Defendant was accused of a violation of the State Poison Act (Stats. 1907, p. 124), was tried by a jury and found guilty, and this is an appeal from the judgment of conviction and the order denying defendant's motion for a new trial.

The information charged the defendant with willfully and feloniously having in his possession a preparation of morphine contrary to the provisions of section 8 of the act above referred to, and also with having been convicted of a prior offense under the same act.

It was proved at the trial that an inspector for the state board of pharmacy, whose duty it is to arrest violators of the State Poison Act, had received information to the effect that defendant was a narcotic peddler, and that he thereupon determined to intercept and arrest him for his unlawful practice. Accordingly he and his assistant procured a woman who was addicted to the use of narcotics to go to defendant and make a purchase of certain drugs. Defendant undertook to procure the same and accepted the purchase price therefor, and agreed to meet her at an appointed place to deliver the drugs to her. The inspector and his assistant repaired to the place designated. Defendant appeared and was immediately placed under arrest. The inspector, in taking hold of the arm of defendant, felt the latter make a motion as if throwing something away, and an object was heard to drop upon the street payment. Upon investigation with the assistance of a flash-light, several packages were found some eight to fifteen feet away from where the parties were standing. Defendant, upon being questioned as to what the packages contained, admitted that they were made up of morphine and cocaine. When asked to account for his presence in the vicinity he stated that he was there for the purpose of returning to the drug addict the money he had received from her as he had been unable to make the purchase of the narcotics she desired. [1] As ground for reversal it is urged that the evidence is insufficient to show possession in defendant of the drugs in question, and that defendant's objection to the admission of the packages in evidence should have been sustained. We see no merit in this contention. Taking all the facts into consideration together with the admission by defendant as to the contents of the packages, they certainly constituted sufficient evidence to connect defendant with possession of the narcotics. [2] In this connection defendant also complains of the instructions of the trial court upon the question of possession. He contends that the rule is that the possession must be personal and not constructive.

The court instructed the jury in effect that the burden of proving possession of the narcotics as alleged in the information rested upon the prosecution, and such possession must have been an immediate and exclusive possession and one under the dominion and control of defendant. The in-

structions given by the court fully and correctly stated the law upon the subject.

[3] Complaint is also made that the district attorney erred in his closing argument by suggesting to the jury that defendant appeared to be and was a drug addict. These remarks could in no manner have prejudiced the rights of the defendant, for the court guarded those rights by charging the jury that they should disregard the statement. Under such circumstances it is not to be presumed that the jury ignored the charge, nor that the defendant's substantial rights were injuriously affected. (*People* v. *Ward*, 134 Cal. 301 [66 Pac. 372].)

For the reasons given the judgment and order are affirmed.

Kerrigan, J., and St. Sure, J., *pro tem.*, concurred.