[Crim. No. 1669. First Appellate District, Division One.—November 1, 1932.]

THE PEOPLE, Respondent, v. ATTILIO BELLI, Appellant.

William J. Gloria for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

KNIGHT, J.—Appellant was found guilty by a jury of having in his possession illegally a quantity of morphine; and from the judgment of conviction he has appealed, urging as ground for reversal insufficiency of the evidence to sustain the conviction.

The case of the prosecution rested mainly on the testimony given by three state narcotic agents. They testified in substance that while stationed on Fell Street between Steiner and Pierce Streets in San Francisco, about 2:30 o'clock in the afternoon, they saw appellant walk westerly along the south side of Fell Street between the intersecting streets mentioned and drop a small white package on the sidewalk; that at the same time they observed another man, who proved to be one Harry Wilson, approaching appellant in the opposite direction on the same side of the street and within the same block; that immediately after appellant dropped the package on the sidewalk Wilson picked it up and continued on; that he was closely followed for a short distance by one of the agents and then placed under arrest; that upon being searched a small white package similar to the one appellant had thrown on the sidewalk was found on his person, which contained an illegal quantity of morphine. Thereupon appellant was placed under arrest by the other agents and taken to his home, which was searched for narcotics, but none were found. He was then taken to the office of the state narcotic division and questioned by the chief inspector, but he declined to make any statement regarding the matter other than to say that he had been a user of narcotics for some nine years. He did not testify at the trial. Wilson, however, was called as a witness for the defense and denied having any acquaintance-

ship whatever with appellant or that he had seen appellant that day or at any other time; furthermore, he denied ever having been on Fell Street, stating that he had purchased the morphine found in his possession from a Mexican in a poolroom on Fillmore Street, and that when arrested he was waiting on the corner of McAllister Street to board a street-car. He further stated that he had been a narcotic addict for more than eighteen years.

As will be noted, the evidence was sharply conflicting upon the question of whether, as the prosecution claimed, appellant threw a package on the sidewalk and Wilson picked it up. Therefore, the truth of the matter was for the jury to decide, and it having accepted as true the testimony given by the narcotic agents, and there being nothing inherently improbable in such testimony, this court is bound thereby on appeal. It was also a question of pure fact for the jury to determine from all the circumstances present whether the package found on Wilson's person was the identical package dropped by appellant; and in view of the testimony given upon the subject by said narcotic agents, it cannot be said that the conclusion reached by the jury on this point is unsupported, or that the trial court erred in receiving said package in evidence.

Appellant contends, however, that even conceding the truth of the testimony of said agents and the soundness of the jury's conclusion as to the identity of the package, the evidence as a whole is legally insufficient to establish possession on the part of appellant, within the meaning of the State Poison Act (Stats. 1927, p. 105), because it affirmatively shows that no narcotics were found in the appellant's possession, but that they were taken from the person of Wilson. As held in *People* v. *Herbert,* 59 Cal. App. 158 [210 Pac. 276], in order to establish possession within the meaning of said act, it is necessary to prove that the possession was immediate and exclusive and under the dominion and control of the person charged with such possession. But nowhere do the terms of the act require, nor, so far as our attention has been called, do any of the decisions interpreting the act hold as appellant seems to contend, that proof of possession at the very time of arrest is essential. Here, as shown, it appears from the evidence adduced in support of the prosecution's case that imme-

diately preceding his arrest appellant had the narcotics in his immediate and exclusive possession and under his dominion and control, and that upon divesting himself thereof the same were picked up immediately by Wilson, which in our opinion is legally sufficient to establish possession on the part of appellant within the meaning of said act.

The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.