[Crim. No. 1663. First Appellate District, Division One.—January 28, 1933.]

THE PEOPLE, Respondent, v. WILLIAM SINCLAIR, Appellant.

Walter H. Duane for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton for Respondent.

KNIGHT, J.—The appellant Sinclair and one Harry Stauch were charged jointly with having had in their possession unlawfully a quantity of morphine. They were tried together and found guilty; and each was sentenced to imprisonment in the county jail for ninety days. Sinclair appealed, and as grounds for reversal urges that the evidence as to him is insufficient to sustain the conviction and that the trial court erroneously instructed the jury.

There is no dispute about the facts. It appears therefrom that pursuant to a prearranged plan an inspector of the state narcotic division named Nelson and an informer were standing on the corner of Hyde and McAllister Streets in San Francisco about 6 o'clock in the evening, and in a few minutes an automobile driven by appellant approached the corner and stopped. The informer introduced Nelson to appellant, whereupon Nelson and the informer entered the automobile and occupied the rear seat. Nelson then told appellant that he wanted to buy some morphine for his "old lady". Appellant inquired whether he "wanted to make a regular meet with him every day", and Nelson replied that he did. Nelson and the informer then paid appellant $2.50 each in marked money for the purchase of the morphine, and appellant proceeded to drive up McAllister Street. Upon reaching the corner of Polk and McAllister Streets appellant stopped the automobile and picked up his co-defendant Stauch. The automobile then turned up and proceeded along Polk Street, but traveled only a few yards when it was crowded to the curb and stopped

by an automobile driven by another state narcotic inspector named Conley. When appellant observed the Conley car closing in on him he directed Stauch to "drop the window and throw that out", and complying with such directions Stauch immediately threw a match-box out of the window into the street; and as soon as the car was stopped Nelson alighted, picked up the match-box and it was found to contain two cubes of morphine.

 Where, as here, possession as distinguished from sale is charged, in order to establish guilt it is essential to prove that the possession was immediate and exclusive and under the dominion and control of the person charged with such possession. (*People* v. *Herbert*, 59 Cal. App. 158 [210 Pac. 276].) The jury in the present case was so instructed and the foregoing facts are amply sufficient to establish all of the elements of the crime. As will be noted therefrom, appellant was in the exclusive control of the automobile; he bargained for the sale of the morphine, and accepted the money therefor; he picked up the person having physical possession of the morphine, and the morphine was subject to and under appellant's dominion and control because it was thrown out of the automobile when appellant so directed. Appellant argues that it is necessary to show that the person accused has the unlawful article on his person, but he has called our attention to no case so holding; and manifestly such is not the law, because if it were it would exclude entirely from the operation of the statute cases of joint possession or possession by carrying the illegal article in an automobile or other conveyance, or keeping it in some place under the immediate and exclusive control of the accused.

 The court also gave the following instruction: " . . . all persons concerned in the commission of a crime, whether they directly commit the act constituting the offense or aid and abet in its commission, or not being present have advised and encouraged its commission, are principals in any crime so committed. So that in the case before you, if you are satisfied beyond all reasonable doubt that the defendants, or either of them, directly committed the crime charged, or that they, or either of them, aided and abetted in its commission, or not being present advised and encouraged its commission, you are justified in finding them guilty as

principals." Appellant does not question the correctness of the statement of the legal principle embodied in the foregoing instruction, but, relying on the decision in *People* v. *Herbert, supra,* holding in effect that in cases such as this, charging possession, such possession must be immediate and exclusive and under the dominion and control of the person accused of having such possession, he contends both in his opening and closing briefs that the legal principle embodied in said instruction has no application to cases charging only possession; and in support of such contention he has cited two cases from other jurisdictions which apparently hold to that view, one of which involved the possession of narcotics (*Willsman* v. *United States,* 286 Fed. 852). Conceding that there is much force in the argument upon which such view is based, there are a number of cases, also from foreign jurisdictions, involving charges of possession of intoxicating liquors and stills, which evidently hold to the opposite view, namely, that one may be guilty as a principal under the theory of aiding and abetting another to obtain and have such possession; and one of those cases has been cited approvingly by the Supreme Court of this state in *People* v. *Borrego,* 211 Cal. 759 [297 Pac. 17]. However, section 4½ of article VI of the Constitution declares that no judgment shall be set aside, or new trial granted, in any case on the ground of misdirection of the jury, etc., unless, after an examination of the entire cause, including the evidence, the court should be of the opinion that the error complained of has resulted in a miscarriage of justice; and as heretofore pointed out, the evidence in the present case is amply sufficient to establish against appellant all of the elements of possession as that term is defined by the decision in *People* v. *Herbert, supra,* and in the previous instruction given in conformity therewith. Therefore even assuming that the instruction complained of should not have been given, the situation does not demand a reversal.

The judgment is therefore affirmed.

Tyler, P. J., and Cashin, J., concurred.