[Crim. No. 2268.   First Dist., Div. Two.   Aug. 17, 1943.]

THE PEOPLE, Respondent, v. NG KING, Appellant.

Sol A. Abrams for Appellant.

Robert W. Kenny, Attorney General, and Ralph W. Scott, Deputy Attorney General, for Respondent.

SPENCE, J.—After waiving a jury trial, defendant was tried by the court and was found guilty of the unlawful possession of a preparation of opium in violation of section 11160 of the Health and Safety Code. He was sentenced to six months imprisonment in the county jail. He appeals from the judgment of conviction and from the order denying his motion for a new trial.

The sole contention made by defendant on this appeal is that the evidence was insufficient to sustain the conviction. We find no merit in this contention.

Defendant was arrested in the hallway of a rooming house located at 752 Pacific Avenue in San Francisco. He was wearing a vest but was not wearing either a coat or hat. His coat and hat were found hanging in room 46 of said rooming house. In that room the officers found a "lay-down" or opium outfit and also a tin box, which tin box was located on a shelf directly above the place where defendant's coat and hat were hanging. A key which fitted this tin box was found in the vest pocket of the defendant. The tin box was opened and was found to contain two bindles of opium, a package of yen shee, and an opium bowl. When questioned as to the ownership of the tin box, defendant made no reply and upon the trial, he failed to testify.

It requires no citation of authority to support the conclusion that the evidence was sufficient to sustain the defendant's conviction. It is defendant's claim that the evidence was insufficient to show knowledge on his part of the contents of the tin box or to show that he was in "immediate and exclusive possession and dominion and control." Assuming without deciding that proof was required of such facts, we are satisfied that all of said facts may be reasonably inferred from the evidence adduced.

Defendant points to evidence showing that room 46 had been rented by the proprietor of the rooming house to Lew Kay, another Chinaman, and stresses the fact that it does not appear that defendant had a key to the room. He therefore states that there was a reasonable inference from the evidence

that defendant "was there to smoke opium that was owned and possessed by Lew Kay" and he claims that the evidence was insufficient to sustain defendant's conviction because it failed to exclude every hypothesis other than that of the guilt of the defendant. It is a sufficient answer to this claim to point out that it is based upon the language employed in certain cases such as *People* v. *Staples*, 149 Cal. 405 [86 P. 886], the effect of which language has been often misunderstood. An exhaustive discussion of the language employed in said cases is found in *People* v. *Newland*, 15 Cal.2d 678 [104 P.2d 778], which discussion shows that such language has no application on this appeal under the facts presented by the record before us. In the last mentioned case the court concluded on page 684, as we may conclude here, that "From the foregoing it follows that on appeal and in this case the defendant's contention that the circumstantial evidence which is incriminating is insufficient to establish his guilt because such evidence might also be deemed compatible with innocence, cannot be sustained."

The judgment of conviction and order denying defendant's motion for a new trial are affirmed.

Nourse, P. J., and Dooling, J. pro tem., concurred.