[Crim. No. 2271.　First Dist., Div. Two.　Nov. 16, 1943.]

THE PEOPLE, Respondent, v. MANCEL NOLAND, Appellant.

A. J. Hennessy for Appellant.

Robert W. Kenny, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—The defendant was tried before a jury on an information charging a felony—possession of narcotics. He has appealed from the judgment following a verdict of guilty and from the order denying his motion for a new trial.

The defendant was arrested at about 1 p. m. while asleep in his room in a hotel in San Francisco which he had occupied with a married woman, not his wife. The narcotics were found in a vase standing outside the door of defendant's room. They were in a phial wrapped in tissue paper with a rubber band around it. With them was another package containing a syringe and hypodermic needle. The defendant denied to the officers that he was an habitual user of narcotics, but admitted that he used them occasionally, and displayed sixteen punctures in his arms which were shown to have been caused by the use of a hypodermic needle. His woman companion testified that the instruments belonged to defendant; that he had kept them and the package of narcotics in his possession in his room for the period of two or three weeks while she was living with him, and had placed them in the vase in the hallway to avoid detection. The testimony of this witness was attacked, the defendant showing that she had recently commenced a civil action against him to recover a sum of money which he had taken into his possession and held on the claim that she had given it to him. There was also an attempt to show that she had threatened his arrest charging a theft of the money. This witness admitted that she had commenced the civil action, but denied the threats of criminal prosecu-

tion. She had been apprehended, for reasons not shown, and led the officers to defendant's room, and showed them where the narcotics and instruments could be found.

■ Appellant argues that the evidence is insufficient to prove possession since the articles were found in the vase located in the hallway. But the evidence is that the vase was a secret hiding place used by him for that purpose, that he had kept them in his possession all the time his companion had lived with him, but had placed them in this vase, or in other secret hiding places outside his hotel room.

In *People* v. *Belli,* 127 Cal.App.269, 271 [15 P.2d 809], it was held that the statute did not require "proof of possession at the very time of arrest." In *People* v. *Sinclair,* 129 Cal. App.320, 322 [19 P.2d 23], it was held it was not necessary to prove that "the person accused has the unlawful article on his person." And see *People* v. *LeBaron,* 92 Cal.App.550 [268 P.615, 269 P.476]; *People* v. *Chan Chaun,* 41 Cal.App. 2d 586 [107 P.2d 455]; and *People* v. *Ng King,* 60 Cal.App. 2d 239 [140 P.2d 426]. ■ A person has "possession" of a chattel who has physical control with the intent to exercise such control, or, having had such physical control, has not abandoned it and no other person has obtained possession. (Rest., Torts, sec. 216.)

Appellant relies on *People* v. *Herbert,* 59 Cal.App. 158 [210 P. 276], and *People* v. *McDaniel,* 59 Cal.App.2d 672 [140 P.2d 88]. Neither case states any different rule of law. The first held that evidence was sufficient to show possession; the second case held that it was insufficient, but the case was reversed for other error.

■ The appellant argues that the verdict is not supported by the evidence because his woman companion was biased and her testimony was motivated by revenge. This was a question for the jury and for the trial court on the motion for a new trial. It is not competent for the appellate court to pass upon the credibility of the witnesses, unless, of course, the record discloses that the testimony is inherently improbable. (27 Cal.Jur. 186.)

■ Appellant complains of the ruling admitting testimony of the possession of the syringe and hypodermic needle. Proof of the possession of these instruments, which are customarily used in the administration of the drug, and which were found concealed with the drug, was relative to the main issue—possession of the drug. ■ The evidence of the needle

punctures on appellant's arm showed the manner in which the drug was used, and the testimony objected to was merely a part of the entire story. The suggestion that this testimony was inadmissible because possession of the articles was not charged in the information cannot be taken seriously. Whatever objection appellant may have had to the qualifications of the arresting officers to testify relative to the punctures in appellant's arm was overcome by his own testimony that these punctures were caused by him in the injection of a narcotic.

Appellant complains of the refusal of the trial court to give his proposed instruction relating to "exclusive possession" and "complete dominion and control" of the narcotics, and of the giving of the instruction relating to actual and constructive possession. We find no error here. Appellant's argument rests upon an interpretation of the ruling in *People* v. *Herbert,* 59 Cal.App.158 [210 P.276], and on *People* v. *McDaniel,* 59 Cal.App.2d 672 [140 P.2d 88], where it was held that possession of the drug was not proved. They are not applicable here, as we have heretofore shown.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.