[Crim. No. 4006.  Second Dist., Div. Two.  Oct. 2, 1946.]

THE PEOPLE, Respondent, v. WALTER I. MARTIN, JR.,
Appellant.

Richard C. Fildew for Appellant.

Robert W. Kenny, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant having been convicted of having in his possession a package of marihuana* (cannabis sativa) in violation of section 11160, Health and Safety Code, now demands a reversal of the judgment and the order denying his motion for a new trial on the grounds of (1) insufficiency of the evidence, (2) an erroneous instruction to the jury and (3) the rejection of proper instructions.

The evidence shows that appellant, an attorney of Bakersfield, accompanied by one Adaline Voss, departed in a blue sedan from that city on August 14, 1945, for San Diego which they reached on the same day. Having continued their sojourn there until August 20, during which they visited Tia Juana, they returned to Los Angeles on the latter date, arriving about 8 p. m. On the way they partook of alcoholic beverages and were engaged in a quarrel as they drove into the heart of the city. The woman became angry and asked leave to alight. Appellant vainly attempted to pacify her but immediately after he had parked the car she departed and he testified that he had never seen her again. After some further tippling at a bar east of Main Street appellant returned to his sedan which stood near the curb at 1323 Channing Street. He imbibed more tequilla as he waited and finally fell asleep.

About 10 o'clock the witness Valdez, who resided nearby, with two companions observed appellant sitting on the right side slumped over a portable radio and other things on the driver's seat. Having returned about 10:30 from a bus station whence his friends had departed, Valdez attempted to awaken appellant who ordered him to leave. The latter registered at a hotel on West Fifth Street about 2:30 o'clock the same night and there remained for four days.

At 3 a. m. of the 21st Officers Splane and Muzak observed the blue sedan standing at the Channing Street address, examined its interior, noticed the suit cases, clothing, radio and wine bottle on the front seat, and after searching found and inspected a brown package containing a pound of marihuana on the floor under the right seat. After restoring the package to the place where they had found it the officers parked their own car about 400 feet up the street and watched the sedan and its contraband until 6 a. m. when Valdez, on his way to work, after observing appellant's absence from the open sedan,

*For the several authorities for the various spellings of this word see *People* v. *Savage,* 64 Cal.App.2d 314 [148 P.2d 654].

inspected its interior, discovered the brown package, and for their better protection, placed all the articles including the marihuana on the back seat. As he was about to raise the windows the police interrupted and impounded the car.

At the trial appellant admitted ownership of the sedan and of many of the articles of personal property found therein but he denied all knowledge of the narcotic. Under the facts established and appellant's denial of knowledge of the marihuana, two issues were presented to the trial court. ■ Not only was it incumbent upon respondent to prove that appellant had at least constructive possession of the narcotic but also that he *knowingly* possessed it. Whether the facts are suffcient to support a verdict of appellant's guilt under proper instructions, nothing herein contained is to be construed as an appraisal of the proof if complete, correct instructions as to the law had been read to the jury. It is sufficient here to record that when a crime is tried to a jury a plethora of evidence of the guilt of the accused could compensate for a want of proper guidance with respect to the substantive law. From the several decisions long followed (*People* v. *Sinclair*, 129 Cal.App. 320, 322 [19 P.2d 23] ; *People* v. *Belli*, 127 Cal.App. 269, 271 [15 P.2d 809] ; *People* v. *Randolph*, 133 Cal.App. 192, 196 [23 P.2d 777] ; *People* v. *Gallagher*, 12 Cal.App.2d 434, 436 [55 P.2d 889] ; *People* v. *Noland*, 61 Cal.App.2d 364, 366 [143 P.2d 86] ; *People* v. *Bassett*, 68 Cal.App.2d 241, 246 [156 P.2d 457]) the Supreme Court has recently derived the rule that the jury must be convinced that one accused of possessing a narcotic found in a cache on his premises or within reach of his habitation must have knowledge of the presence of such narcotic and that such knowledge is the essence of the crime of possession under the Narcotic Act. (*People* v. *Gory*, 28 Cal.2d 450, 455 [170 P.2d 433].) That the same rule should apply to the possessor and user of a vehicle is established by sound reason and by the recent decision of *People* v. *Bledsoe*, 75 Cal.App.2d 862 [171 P.2d 950].

■ It was therefore incumbent upon the court below to advise the jury that they should determine whether appellant knowingly possessed the narcotic found in his automobile during his absence therefrom. This it failed to do despite appellant's request that the following instruction be read, to wit:

"You are instructed that one of the elements of possession is knowledge of the defendant of the presence of marihuana in his automobile. If you believe that the defendant did not

know of the presence of marihuana in his automobile, then you must find that he did not have possession of it, as charged in the information.''

There was no instruction given which contained a direction that the jury must be satisfied that defendant had knowledge of the presence of the marihuana in his automobile. It was therefore prejudicial to refuse an instruction which would have required the jury to find that the accused knew that the forbidden weed was in his car at the time he departed therefrom prior to 3 a. m. on August 21, 1945. The error becomes accentuated when it is recalled that appellant had transported a guest under whose portion of the front seat the marihuana was found, that the automobile was left standing open on a public street for some time prior to its discovery by the officers and that appellant denied knowing of the existence of the narcotic. Under such circumstances the failure to instruct with reference to appellant's knowledge may have misled the jury to conclude that appellant's knowledge of the presence of the marihuana was not an essential factor to the proof of his guilt or that everything found in his car was conclusively presumed to have been there with appellant's knowledge. To require by instruction the triers of fact to determine as a preliminary to finding his guilt that the accused *knowingly* possessed a narcotic does not mean that they must find that he had knowledge of the unlawfulness of his act, but such instruction is merely to induce a finding of ''the element of knowledge in the sense of defendant's *awareness of the presence* of the marihuana'' in the latter's automobile. (*People* v. *Gory,* p. 456.)

The appeal from the verdict being without authority (Pen. Code, § 1237) is dismissed.

The judgment and the order denying defendant's motion for a new trial are reversed.

McComb, J., and Wilson, J., concurred.