[Crim. No. 4189.   Second Dist., Div. Two.   Feb. 5, 1948.]

THE PEOPLE, Respondent, v. ARMAL H. CARLTON, Appellant.

Martin S. Ryan for Appellant.

Fred N. Howser, Attorney General, and Howard S. Goldin, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 11500* of the Health and Safety Code (possession etc. of narcotics) after trial before the court without a jury, defendant appeals. There is also an appeal from an order denying his motion for a new trial.

Viewing the evidence in the light most favorable to the People (respondent) the essential facts are:

On May 15, 1947, between 10:30 p. m. and 11 p. m. defendant was seated in a taxicab in front of 514 South Main Street, Los Angeles. In the cab with defendant in addition to the driver was another passenger named Mr. Young. The cab drove north on Main Street and east on Fifth Street being followed by two police officers in another car, and parked near 725 East Fifth Street.

Shortly thereafter a colored man named Edward Morris came out of an East Fifth Street cafe and approached the taxicab. He leaned into the taxicab and sold defendant two cigarettes containing marijuana for the sum of $5.00. Subsequently defendant was arrested and there was found in his pocket a marijuana cigarette. Edward Morris who was not a police officer was also arrested and in his possession were found two five-dollar bills from which the police officers had made notation of the serial numbers. They had earlier in the evening delivered them to a police informer in Harry's Cafe located on South Main Street.

The record fails to disclose the journey of the bills from the police informer to Edward Morris.

There are three questions presented for our determination.

First: *Is there substantial evidence to sustain the finding of facts upon which the judgment of guilty was necessarily predicated?*

This question must be answered in the affirmative. Two police officers of the city of Los Angeles gave direct testimony of each and every fact set forth above. This evidence constituted substantial evidence to sustain the judg-

*Section 11500 of the Health and Safety Code reads: "Except as otherwise provided in this division, no person shall possess, transport, sell, furnish, administer or give away, or offer to transport, sell, furnish, administer, or give away, or attempt to transport a narcotic except upon the written prescription of a physician, dentist, chiropodist, or veterinarian licensed to practice in this State."

(The substance of this section was found prior to 1945 in section 11160 of the Health and Safety Code.)

ment of the trial court. (*People* v. *Pianezzi*, 42 Cal.App. 2d 265, 269 [108 P.2d 732] ; *People* v. *Savage*, 66 Cal.App. 2d 237, 242 [152 P.2d 240].)

■ Second: *Was there substantial evidence to sustain the implied finding that defendant knew that the cigarette found in his possession contained marijuana?*

This question must likewise be answered in the affirmative. From the evidence set forth above that defendant had paid $5.00 for two cigarettes, the trier of fact would be justified in drawing the inference that defendant knew that the cigarette found in his possession contained marijuana.

In addition the law is established in California that the mere possession of a narcotic constitutes substantial evidence to sustain a finding that the possessor of a marijuana cigarette knows its contents. (*People* v. *Sweeney*, 66 Cal. App.2d 855, 859 et seq. [153 P.2d 371] ; *People* v. *Randolph*, 133 Cal.App. 192, 196 [23 P.2d 777].)

■ Third: *Did the police officers entrap defendant?*

This question must be answered in the negative. The record is devoid of any evidence tending to establish entrapment of defendant. In order to constitute entrapment the evidence must disclose that defendant has been induced by the police officers to commit the act for which he is prosecuted. (*People* v. *Lee*, 9 Cal.App.2d 99, 109 et seq. [48 P.2d 1003].)

The record in the instant case fails to show that any one other than defendant was the cause of his purchasing the prohibited cigarettes. Hence the alleged defense of entrapment is utterly devoid of merit.

The judgment and order are and each is affirmed.

Moore, P. J., and Wilson, J., concurred.