[Crim. No. 4637.   Second Dist., Div. Two.   June 12, 1951.]

THE PEOPLE, Respondent, v. MAGRISEO A. RAMIREZ, Appellant.

Ernest Best for Appellant.

Edmund G. Brown, Attorney General, and Gilbert Harelson, Deputy Attorney General, for Respondent.

MOORE, P. J.—Adjudged guilty of having heroin in his possession, a felony (Health & Saf. Code, § 11500), and of having suffered a prior conviction of robbery, a felony, defendant demands a reversal on the ground that the proof is insufficient to justify the judgment. He contends that the evidence does not prove (1) the fact of possession; (2) that the substance was a narcotic; (3) that defendant knew its possession to be unlawful.

Officer Campillo testified that he was within 5 feet of appellant on the corner of a street intersection of Los Angeles about 3 :30 p. m. when he saw four capsules in the right hand of appellant who threw them to the sidewalk; the witness recovered them; they contained whitish powder; he marked them and enclosed them in a larger envelope which he delivered to the property clerk at police headquarters. Appellant's story of how a girl at the street corner handed him the package and he dropped it because he had no knowledge of its contents was rejected by the court. ■ That appellant had the narcotic in his possession with intent to exercise physical control over it, had not abandoned its possession and that no other person had gained possession thereof at the time of his apprehension are facts found by the court. Such evidence constitutes proof of possession when believed by the trier of facts. (*People* v. *Gory,* 28 Cal.2d 450, 455 [170 P.2d 433] ; *People* v. *Noland,* 61 Cal.App.2d 364, 366 [143 P.2d 86].) The police chemist testified that the capsules contained heroin, a narcotic.

■ Appellant contends that there was no evidence that he had "knowledge or scienter as to the unlawfulness of his possession" of the heroin; that the court can surmise that someone in the group that approached appellant at the street

corner "knew the officers were approaching, put the article in appellant's hands, and appellant dropped the same immediately." The officer's testimony which the trial court adopted was that he saw the capsules in appellant's hand and saw the latter cast them upon the sidewalk. The State was not required to prove that appellant knew the possession to be unlawful. All the proof necessary on that point was evidence of appellant's knowledge of the nature of the contents of the package and this was justifiably inferred from the fact of his having the substance in his actual custody. (*People* v. *Carlton*, 83 Cal.App.2d 475, 477 [189 P.2d 299].) If he knew the capsules he held contained a narcotic he necessarily knew of its nature. (*People* v. *Physioc*, 86 Cal.App.2d 650, 652 [195 P.2d 23].) Further proof of his knowledge of the narcotic content of his package was his act of throwing it upon the sidewalk.

In support of his contention as to the insufficiency of the evidence, appellant cites *People* v. *Martin*, 76 Cal.App.2d 317 [172 P.2d 910], and *People* v. *Bledsoe*, 75 Cal.App.2d 862 [171 P.2d 950]. They are not apropos. In the Martin case he had left his automobile parked on the street before he registered in a hotel where he remained four days. During his absence the officers found the car, some movables of Martin, and a package of marihuana. The conviction was reversed because the trial court refused to instruct the jury that in order to convict they must find the accused knew of the presence of the marihuana in his car. The Bledsoe case is as readily distinguishable.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.