[Crim. No. 2986.  First Dist., Div. Two.  Sept. 15, 1954.]

THE PEOPLE, Respondent, v. IVORY NEWMAN; Appellant.

Robert R. Barton, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Respondent.

NOURSE, P. J.—This is an appeal from an order denying defendant's motion for a new trial and from a judgment of conviction of defendant and appellant, Ivory Newman, of a violation of section 11500 of the Health & Saf. Code, pos-

session of a narcotic, marijuana. Two prior convictions for violation of section 11500 were dismissed on the motion of the district attorney. Trial by jury was waived.

On July 4, 1953, at 11:30 p. m. two officers of the Oakland Police Department and a member of the district attorney's office entered Newman's apartment in Oakland for the purpose of searching for narcotics. Defendant and his wife were in bed in the combination living room and bedroom and a friend, Robert Cain, was sleeping on a sofa.

The officers searched the apartment. In the pocket of a brown corduroy jacket hanging in a closet the police found marijuana cigarettes. Cain said the jacket was his but denied that the marijuana cigarettes belonged to him. Hanging in the same closet the police found another brown corduroy jacket almost identical to the one owned by Cain which defendant claimed belonged to him. The officers found no other evidence in the apartment with the exception of some Bull Durham wrappers. Both Cain and defendant denied ownership of the marijuana and both were taken to the city jail.

On July 6, 1953, at the city jail, Officer Vaughn had a conversation with defendant and Cain, part of which was recorded by Officer Vaughn on a typewriter and admitted in evidence at the trial of defendant as a confession. The pertinent part of this conversation follows:

"Vaughn: Q. Did both of you smoke marijuana that night?

"Newman: I did, I smoked one joint.

"Cain: No sir, I was laying down on the bed sleeping.

"Newman: Well, that's my stuff, you go and cut him loose.

"Vaughn: Q. Did Cain have any connection with the marijuana at all?

"Newman: No, he did not. Q. How did the marijuana get in his jacket? A. Well, I got the same colored jacket, and I thought the jacket was mine, so I put it in there. I'll tell you Mr. Vaughn I never have sold any stuff, I get marijuana for my personal use. Those joints would have lasted me for a long time.

"Q. Is all that you have said here been the truth, given freely and voluntarily, with no promises made to you? A. Yes, I told you the truth. Q. Being true, do you wish to sign it? A. Yes, I'll sign it. Signed: Ivory Newman, Robert Cain and I signed it."

Appellant bases his argument for reversal on two main grounds:

I. The court erred in admitting the confession in evidence.

II. The evidence is insufficient to support the finding of guilt.

█ I. Appellant objected to the admission of the confession on the ground that it was not a complete statement, which objection was overruled. On appeal appellant argues that a conversation which took place between Cain and defendant, which was omitted from the confession, as to which would stand the better chance of probation or as to whom it would go easier with to admit the ownership of the narcotics, Cain being on parole and Newman having been previously convicted on narcotic charges, materially affected the weight which should be given to the confession, as it showed that the defendant confessed to save his friend from a more severe penalty than he would receive, and hence it was no real confession of guilt, and being an incomplete admission should not have been admitted in evidence.

Appellant cites *People* v. *Yeaton*, 75 Cal. 415 [17 P. 544] and *People* v. *Crowl*, 28 Cal.App.2d 299 [82 P.2d 507] to support his contention. In *People* v. *Crowl* the trial court admitted testimony that defendant had admitted he took part in the robbery but refused to permit him to testify that the statements were made in reliance on inducements and promises of lesser punishment. This was error, the court holding (p. 309): "If defendant was offered inducements by the arresting officers to make the purported confession, he should have been permitted to prove that fact as it would have had an important bearing on the weight to be given by the jury to the purported confession."

In the Yeaton case, *supra*, a letter written by defendant admitting guilt was introduced but neither she nor other witnesses were allowed to give testimony concerning her protestations of innocence at the time she was induced to write the letter. The appellate court held that this was error.

The holding in the two cited cases is not applicable to the case before us, for counsel for defendant in his questioning of the witnesses had full opportunity to bring before the court the fact that there had been talk between Newman and Cain as to which would receive the lighter sentence. Officer Vaughn upon questioning admitted the confession was not a complete record of their conversation as there was so much he could not get it all down, and that there had been conversation between Cain and Newman as to which stood the better chance

of probation. On redirect examination, Officer Vaughn stated: ''Naturally these two men—the fact that Mr. Cain stated to Mr. Newman that he had done time and he was out on parole, and Mr. Newman reminded him that of course he was anxious too. He had been arrested for possession of narcotics. This went on all through this statement and I didn't think a police officer should take a statement where they were both admitting they were arrested. That was the idea.'' Appellant and Cain were also questioned on the witness stand as to their conversations relating to this subject without objection. Thus appellant had a full opportunity to present to the court any matter pertaining to the circumstances under which the confession was obtained, and to any portion which was omitted, and there was no error in admitting it into evidence.

■ Even if defendant had confessed to the crime in order to protect his friend, this did not make the confession inadmissible. In *People* v. *Smalling,* 94 Cal. 112 [29 P. 421], the court held (p. 113) : ''The confession of the defendant was clearly admissible. It appears to have been an entirely free and voluntary statement. The fact that defendant's sister was also under arrest for the commission of the homicide, and that the confession may have been made to free her from suspicion of guilt, is a matter that in no way tends to invalidate it as material and competent evidence.'' (See also *People* v. *Nagle,* 25 Cal.2d 216, 225 [153 P.2d 344].)

■ There were no promises, coercion or threats on the part of the police to force a confession, nor was defendant's relation to Cain such as to furnish a compelling reason for him to admit a crime of which he was not guilty. The confession was properly admitted.

■ Appellant's argument that the court should have on its own motion excluded the confession even if it had been a complete record of the conversation because taken as a whole the admissions therein did not indicate guilt is refuted by a reading of the confession. Newman not only confessed that the cigarettes were his and that Cain had no connection with them, but admitted that he had mistaken the jackets, that he had smoked one ''joint'' that night, that he did not sell the stuff but got it for his ''personal use'' and that the ''joints'' would have lasted him for a long time. On the witness stand appellant repudiated his confession and explained he was confused at the time Officer Vaughn questioned him, which

was the reason for his admission. It is doubtful if he were so confused as to confess to a crime he did not commit or to make so many damaging statements to support it. His acknowledgment of guilt is not, as contended by appellant, nullified by his preceding denials.

II. The evidence is insufficient to support the finding of guilt. Much of appellant's argument on this point has been dealt with in the preceding paragraph. However, he further contends the testimony of Cain is to be discounted as Cain was liable to prosecution for the same crime and was an accomplice under Penal Code, section 1111.

Respondent contends that under the circumstances of this case Cain was not an accomplice, discussing cases in support of this contention. ■ However, we need no citation of cases to point out that the Legislature in enacting section 1111 of the Penal Code could not have intended that it should apply to every person at whom suspicion had been directed by investigating officers at the time of the discovery of a crime, or that such person should necessarily be considered an accomplice if called as a witness at the time of the trial. However, if Cain had been an accomplice his testimony was fully corroborated by the confession of appellant. ■ "Admissions or confessions of an accused may constitute a sufficient corroboration of the accomplice's testimony to warrant conviction." (22 C.J.S. 1403; *People* v. *Baker*, 25 Cal.App.2d 1, 3 [76 P.2d 111]; *People* v. *Sexton*, 36 Cal.2d 361, 364 [224 P.2d 1].)

■ Cain throughout the questioning, both before the trial and as a witness during the trial, consistently and unwaveringly denied the possession of the marijuana. The trial judge apparently believed this witness, which left but one conclusion to be drawn, that the marijuana was placed in Cain's pocket by defendant, which conclusion was amply substantiated by appellant's own confession. There was no evidence to prove that the marijuana was placed there by anyone else. Thus appellant had possession within the meaning of section 11500 of the Health and Safety Code. **[8]** The statute does not require "proof of possession" at the very time of arrest (*People* v. *Belli*, 127 Cal.App. 269, 271 [15 P.2d 809]) nor is it necessary to prove that "the person accused has the unlawful article on his person." (*People* v. *Sinclair*, 129 Cal. App. 320, 322 [19 P.2d 23].)

Counsel for appellant, appointed by this court, has made

a good argument in support of his appeal. However, as there is sufficient evidence to sustain the judgment, the judgment must be affirmed.

Judgment and order affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied September 30, 1954, and appellant's petition for a hearing by the Supreme Court was denied October 13, 1954.