[Crim. No. 5332.   Second Dist., Div. One.   May 17, 1955.]

THE PEOPLE, Respondent, v. ROQUE RODRIGUEZ, Appellant.

John J. Bradley and Max Solomon for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

DRAPEAU, J.—By information, defendant was charged with the possession of a preparation of heroin, denounced by section 11500, Health and Safety Code, and with one prior conviction of the same offense.

Defendant was found guilty as charged, and appeals from the judgment of conviction.

It is here urged that the verdict is contrary to the law and the evidence.

Appellant particularly urges that the evidence did not establish the corpus delicti, i.e., possession of the narcotics by him or any other person.   Therefore, it was error to receive and consider evidence of his extrajudicial statements.

At the beginning of the trial, appellant admitted the prior conviction, and the cause was submitted on the testimony taken at the preliminary examination.

Mr. M. V. Duncan of the Los Angeles Police Department, one of the arresting officers, testified that about 9:15 p. m. on July 20, 1954 (a dark night), he saw appellant coming out of the front door of a residence on Rowan Street, Los Angeles. The officer went across the street and stood behind appellant's automobile. He saw appellant walk directly over to a palm tree growing in the front yard of the house. There appellant "squatted down and leaned forward, reached down with his hands to the base of the palm tree. Then he stood up." Meanwhile, Officer Duncan approached and, using his flashlight, told appellant to stand back. In the ensuing search, nothing was found on appellant's person. However, the officer did find a small piece of a green rubber balloon on the ground at the base of the palm tree, where appellant had been squatting. Upon opening the balloon in appellant's presence, Officer Duncan counted 29 capsules. Later these were analyzed by a chemist in the police department and were found to contain a narcotic known as heroin.

Over the objection of appellant's counsel that the corpus delicti had not been established, the trial court admitted in evidence a conversation between Officer Duncan and appellant at the scene of the crime, to wit:

Appellant told the witness Duncan that he had picked up the capsules from a man at the corner of Whittier and Rowan by the drugstore. When asked if he had carried them and planted them at the base of the palm tree, appellant said "No," that someone else had put them there. And that he went out to get one "so he could sniff it." Later he told the officer that he had bought the capsules from some fellow at the drugstore and had paid about $15 a gram for them.

Officer Duncan admitted that he went to the address in question because an informant had told him he would find some narcotics under a tree.

In *People* v. *Martin,* 76 Cal.App.2d 317, 319 [172 P.2d 910], the narcotic was found in appellant's parked automobile during his absence therefrom. At the trial defendant admitted ownership of the car but denied all knowledge of the narcotic.

The court there held: "From the several decisions long followed (*People* v. *Sinclair,* 129 Cal.App. 320, 322 [19 P.2d 23]; *People* v. *Belli,* 127 Cal.App. 269, 271 [15 P.2d 809];

*People* v. *Randolph*, 133 Cal.App. 192, 196 [23 P.2d 777] ; *People* v. *Gallagher*, 12 Cal.App.2d 434, 436 [55 P.2d 889] ; *People* v. *Noland*, 61 Cal.App.2d 364, 366 [143 P.2d 86] ; *People* v. *Bassett*, 68 Cal.App.2d 241, 246 [156 P.2d 457] the Supreme Court has recently derived the rule that the jury must be convinced that one accused of possessing a narcotic found in a cache on his premises or *within reach of his habitation* must have knowledge of the presence of such narcotic and that such knowledge is the essence of the crime of possession under the Narcotic Act. (*People* v. *Gory*, 28 Cal. 2d 450, 455 [170 P.2d 433].) . . . (Emphasis added.)

''It was therefore incumbent upon the court below to advise the jury that they should determine whether appellant knowingly possessed the narcotic found in his automobile during his absence therefrom.'' For failure to so instruct, the judgment was reversed.

In *People* v. *Bassett*, 68 Cal.App.2d 241, 243 [156 P.2d 457], the narcotic was found under a metal hood in a lightwell. The bathroom windows from appellant's apartment and the adjoining apartment both opened on the same lightwell where the sack containing the narcotic was discovered.

In that case this court stated at page 247: '' 'Possession' of a chattel is established when it is shown that a person has physical control thereof with the intent to exercise such control, or having had such physical control, has not abandoned it and no other person has that possession. (Rest., Torts, § 216.) The statute does not require 'proof of possession' at the very time of arrest (*People* v. *Belli*, 127 Cal.App. 269, 271 [15 P.2d 809]), nor is it necessary to prove that the accused had the unlawful article on his person (*People* v. *Sinclair*, 129 Cal.App. 320, 322 [19 P.2d 23]). The question therefore arises, does the evidence in the case before us establish the fact that 'possession' of the narcotic was immediate and exclusive and under the dominion and control of appellant.''

''But knowledge of the *existence* of the object is essential to 'physical control thereof with the intent to exercise such control' and such knowledge must necessarily precede the intent to exercise, or the exercise of such control.'' *People* v. *Gory*, 28 Cal.2d 450, 455 [170 P.2d 433]. (Emphasis included.)

The record discloses that appellant came out of the house into the darkness and walked down a 30 or 35-foot walk to a point 12 or 14 feet from the gate. He then turned off

the walk upon loose dirt and proceeded directly to the palm tree, which was 6 feet from the walk. Here he squatted down, leaned forward and reached down with his hands to the base of the tree. And while he was in that position, Officer Duncan entered the gate and told him to stand up and stand back up, which he did. The officer then picked up the balloon containing the capsules.

This evidence clearly supports an inference that appellant had knowledge of the existence of the narcotics at the base of the palm tree. Also, that he had the intent to exercise, and was in fact exercising control over them, when he stood at the officer's command. This prima facie showing of possession was amply sufficient to establish the corpus delicti. As a result, there was no error in the trial court's ruling admitting the extrajudicial statements.

As stated in *People* v. *Bassett, supra,* (68 Cal.App.2d 241, 248) : ''Taking all the facts into consideration, together with the statements made by the defendant, they certainly show more than a suspicion of guilt, and constitute sufficient evidence to sustain the inference made by the trial judge that the defendant was immediately and exclusively in possession and control of the narcotics.'' Likewise here.

For the reasons stated, the judgment is affirmed.

White, P. J., and Doran, J., concurred.