[Crim. No. 2717.   Third Dist.   Dec. 27, 1956.]

THE PEOPLE, Respondent, v. EDDIE VICE, Appellant.

Eddie Vice, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Defendant above named was charged by information with the crime of violation of section 11500 of the Health and Safety Code, it being alleged that he "did willfully and unlawfully and feloniously have in his possession a preparation of Heroin." He pleaded not guilty, waived a trial by jury, and following trial the court found him guilty as charged. Probation was denied and judgment was pronounced. This appeal is from the judgment.

Appellant has filed an opening brief in propria persona and raises only one point in his appeal which is the same point as that which constituted the principal defense at the trial. He contends that the evidence, consisting of the narcotics, was obtained by an unlawful search and seizure, and therefore improperly admitted in evidence. Before discussing this contention we shall give a brief summary of the evidence as shown by the record.

Eddie Vice, alias "Booster," had been known to Mr. House, the supervising narcotic inspector, for approximately two years. During that time he had associated with narcotic users and peddlers. On the night of April 18, 1956, Mr. House received a call from an informant whom Mr. House had known for some time. This informant stated that Eddie Vice "was dealing in narcotics." The following morning, April 19, Mr. House received a telephone call from a different informant who was also known to Mr. House for a long period of time and who was described by Mr. House as a reliable person in giving information. This informant stated that a man by the name of "Booster" in Room 28 in the Arcade Hotel was in possession of a quantity of narcotics which were in the room at that time; that the man was in the room but he would not stay there very long and would probably take the narcotics out. Mr. House contacted two narcotic inspectors and told them to go to the Arcade Hotel and arrest Eddie Vice.

Mr. House did not obtain a warrant because, on the basis of the information he had, he believed that the narcotic was then in the room but likely to be moved momentarily.

Pursuant to the orders given to them by Supervising Inspector House, narcotic inspectors Best and Murphy proceeded to Room 28 of the Arcade Hotel with an employee of the hotel. After knocking on the door, the officers entered when the employee opened the door with a key. After determining that the defendant was not present and after some search, they found the narcotics. The inspectors informed Mr. House that the defendant was not in the room, and Mr. House, in company with a city police officer, proceeded to the west end of Sacramento where they located defendant. Mr. House placed defendant under arrest for possession of narcotics. Upon being returned to the room after the arrest the appellant stated to the arresting officers that he had placed the articles underneath the wash stand and that he had found them in Stockton some time previously.

Penal Code, section 836, subdivision 2, provides that a peace officer may make an arrest without a warrant when the person arrested has committed a felony although not in the officer's presence, but in the case of *People* v. *Brown,* 45 Cal.2d 640 [290 P.2d 528], it was stated that an arrest will not be held to have been validly made even though the arrested person was guilty of having committed a felony

unless the arresting officer had reasonable grounds as a basis for making the arrest.

In *Willson* v. *Superior Court*, 46 Cal.2d 291, the court said, at page 294 [294 P.2d 36] :

". . ._Although information provided by an anonymous informer is relevant on the issue of reasonable cause, in the absence of some pressing emergency [citation], an arrest may not be based solely on such information. [Citations], and evidence must be presented to the court that would justify the conclusion that reliance on the information was reasonable. [Citation.] In some cases the identity of, or past experience with, the informer may provide such evidence [citation], . . ."

Also, in the case of *Trowbridge* v. *Superior Court*, 144 Cal.App.2d 13 [300 P.2d 222], the court came to the conclusion that an officer is justified in acting solely upon information from an informant where that informant is known to the arresting officer and is believed by the officer to be trustworthy and reliable. *People* v. *Gonzales*, 141 Cal.App.2d 604 [297 P.2d 50], is to the same effect.

■ We believe that under the authority of the above cases, the arrest of appellant on the information supplied by two known and reliable informers was reasonable. The informers gave Inspector House reason to believe that Eddie Vice was in possession of narcotics at that time, that the narcotics were in his room, and that it was necessary for him to proceed immediately to the room for the purpose of arresting Mr. Vice and seizing the narcotics in order to prevent their disposal.

■ When the arresting officer does have reasonable grounds to believe that the person arrested has committed a felony, the arrest is valid and a search which is conducted as an incident to that arrest is not unreasonable. (*People* v. *Dixon*, 46 Cal.2d 456 [296 P.2d 557] ; *People* v. *Boyles*, 45 Cal.2d 652 [290 P.2d 535] ; *People* v. *Martin*, 45 Cal.2d 755 [290 P.2d 855].)

Here, the two inspectors went to the appellant's hotel room for the specific purpose of arresting him on a charge of possession of narcotics. When they entered the room he was not present and they so informed Supervising Inspector House. Mr. House then proceeded to the west end of Sacramento where he found Mr. Vice and placed him under arrest. In the meantime, the officers in the appellant's room had dis-

covered the narcotics under a sink. Mr. House brought appellant to the room and appellant stated that he had placed the articles underneath the wash stand.

Recent authorities hold that in order for a search and seizure to be valid it is not necessary that the arrest precede the search and seizure. If the search and seizure are part of the same transaction, the search and seizure may occur prior to the arrest.

In the recent case of *People* v. *Simon,* 45 Cal.2d 645, our Supreme Court said at page 648 [290 P.2d 531]:

"In *People* v. *Brown, ante,* p. 640 [290 P.2d 528], we held that a search incident to an arrest could not be justified in the absence of 'reasonable cause' under Penal Code, section 836, merely because it revealed that defendant was in fact guilty of a felony. Accordingly, the search of defendant's person may be justified only if he was committing or attempting to commit an offense in the officer's presence (Pen. Code, § 836, subd. 1), or the officer had reasonable cause to believe he had committed a felony. (Pen. Code, § 836, subd. 5.) In such circumstances, however, it has been held that it is not significant whether the search precedes or follows the arrest. (*State* v. *McDaniel,* 115 Ore. 187 [237 P. 373, 376]; *State* v. *Reynolds,* 101 Conn. 224 [125 A. 636, 637-638]; *Ingle* v. *Commonwealth,* 204 Ky. 518 [264 S.W. 1088, 1090]; *Knight* v. *State,* 171 Ark. 882 [286 S.W. 1013, 1014-1015]; see also *Clark* v. *State,* 78 Okla. Crim. 423 [149 P.2d 994, 997]; *State* v. *Rotolo,* 39 Wyo. 181 [270 P. 665, 666-667].) Thus, if the officer is entitled to make an arrest on the basis of information available to him before he searches, and as an incident to that arrest is entitled to make a reasonable search of the person arrested and the place where he is arrested, there is nothing unreasonable in his conduct if he makes the search before instead of after the arrest. In fact, if the person searched is innocent and the search convinces the officer that his reasonable belief to the contrary is erroneous, it is to the advantage of the person searched not to be arrested. On the other hand, if he is not innocent or the search does not establish his innocence, the security of his person, house, papers, or effects suffers no more from a search preceding his arrest than it would from the same search following it. In either case the important considerations are whether the officer had reasonable cause before the search to make an arrest and whether the search and any seizures incident thereto were or were not

more extensive than would reasonably be justified as incident to an arrest. (See *United States* v. *Rabinowitz,* 339 U.S. 56, 60-64 [70 S.Ct. 430, 94 L.Ed. 653].) We conclude, therefore, that a search is not unlawful merely because it precedes rather than follows the arrest.''

And in *People* v. *Boyles,* 45 Cal.2d 652, the court said at page 655 [290 P.2d 535]:

''. . . If, however, an arrest under that subdivision was lawful, the search incident thereto would not be unlawful merely because it preceded rather than followed the arrest. (*People* v. *Simon, ante,* p. 645 [290 P.2d 531].)''

In the instant case, although the seizure of the narcotics preceded the arrest of the appellant by a half hour or so, nevertheless the arrest and the seizure were part of one single transaction. Though he was not present in the room at the time the officers arrived they went there for the specific purpose of arresting him. The finding of the narcotics by the officers after entering the room was not needed in order to make a valid arrest. The arrest was made upon the basis of information supplied by two known, reliable informants, and the arresting process began when the officers first went to the appellant's hotel room. The three officers, Inspectors House, Best and Murphy, were acting together.

In regard to the question of possession, the cases hold that the narcotics need not be found on the person of the defendant, it being sufficient if such articles are deposited in a place under the possession and control of the accused. (*People* v. *Noland,* 61 Cal.App.2d 364 [143 P.2d 86]; *People* v. *Sinclair,* 129 Cal.App. 320 [19 P.2d 23].)

In regard to the question of exclusive control when the hotel also had access to the room, it has been held that where there was testimony that the defendant admitted the narcotics in the room belonged to him, there was no merit in the argument that unlawful possession might not be sustained for the reason that the evidence showed that another person had equal right and facility of access to the premises. (*People* v. *Gallagher,* 12 Cal.App.2d 434 [55 P.2d 889].)

In the instant case, although the narcotics were not found on the person of the appellant, the offense was adequately established when the narcotics were found hidden in his room and appellant stated that he had placed the articles

underneath the wash stand and that he found them in Stockton some time previously.

In view of the foregoing the judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.