[Crim. No. 5816.   Second Dist., Div. Two.   Mar. 19, 1957.]

THE PEOPLE, Respondent, v. JOHN WILLIE ROSS, Appellant.

John H. Marshall for Appellant.

Edmund G. Brown, Attorney General, and Morris Schachter, Deputy Attorney General, for Respondent.

ASHBURN, J.—After a nonjury trial defendant was convicted of possession of heroin (Health & Saf. Code, § 11500). He appeals from the judgment and an order denying his motion for new trial. The only point urged by counsel is insufficiency of the evidence to support an implied finding that defendant had possession and knowledge of the character of heroin which was found in his room. ▇▇ That knowledge, as well as possession, is an essential element of the crime is now clear. (*People* v. *Winston*, 46 Cal.2d 151, 158 [293 P.2d 40]; *People* v. *Denne*, 141 Cal.App.2d 499, 510 [297 P.2d 451]; *People* v. *Antista*, 129 Cal.App.2d 47, 50 [276 P.2d 177].)

▇▇ In examining the integrity of this claim we must accept as established all evidence and all inferences favorable to respondent. (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778].) On May 31, 1956, Los Angeles city police officers Swain and Forbes went to a hotel at 711½ East Fifth Street in said city, in response to information that there was a dead body in a toilet on the second floor. They there saw such a body propped up against the toilet door. There were several persons gathered around and defendant was one of them. When the police started to question him they observed that

he was under the influence of a narcotic and thereupon arrested him. He stated that he was a user of narcotics, a fact which was later further verified by needle marks upon his arms, and he volunteered the statement, "You can search my room if you want to because there is nothing in it." His room was Number 7 on that same floor. He showed it to the police and they entered it with him. Defendant sat on the bed while the officers searched the room. On a closet shelf under some dirty rags they discovered a rubber tissue which was tied in a knot and contained heroin. When it was shown to defendant he said he never saw it before and it probably belonged to his roommate. The word "roommate" is the key to his unsuccessful defense.

The claim is that one David Hamilton occupied the room jointly with defendant from April 28, 1956, the day it was rented to defendant, until May 31st, the day of arrest, and that the proof does not exclude a secret possession of the narcotic by Hamilton and by him alone. Henry Koyama, who owned and operated the hotel, testified that defendant rented the room and signed the register on April 28th; he signed the name David Hamilton as well as his own; the witness had no recollection of seeing Hamilton then or at any later time; he knew no such man; all rents were collected from defendant; the room was occupied by defendant alone during the entire period from April 28th to May 31st, and no one visited it on the last named date. No person named Hamilton was produced at the trial and there is no evidence to raise an inference that Hamilton (assuming his existence) was a user or peddler of narcotics. Defendant's testimony that he and Hamilton were joint occupants of the room was in the opinion of the trial judge outweighed by the testimony above summarized. Thus disappeared the substance of the defense, for proof that defendant was sole occupant of the room harboring the narcotic raises an inference that he was in possession of the drug and that he had knowledge of its character. (*People* v. *Bassett,* 68 Cal.App.2d 241, 247 [156 P.2d 457]; *People* v. *Brown,* 92 Cal.App.2d 360, 366 [206 P.2d 1095]; *People* v. *Oliver,* 66 Cal.App.2d 431, 434 [152 P.2d 329]; *People* v. *Shafer,* 101 Cal.App.2d 54, 58 [224 P.2d 778]; *People* v. *Ng King,* 60 Cal.App.2d 239, 240 [140 P.2d 426]; *People* v. *Coleman,* 134 Cal.App.2d 594, 598 [286 P.2d 582]; *People* v. *Cuellar,* 110 Cal.App.2d 273, 278 [242 P.2d 694].)

Joint occupancy of the room with Hamilton would not

necessarily exonerate defendant. (*People* v. *Batwin,* 120 Cal. App.2d 825, 827 [262 P.2d 88] ; *People* v. *Hoff,* 84 Cal.App.2d 398, 400 [190 P.2d 616] ; *People* v. *Van Valkenburg,* 111 Cal. App.2d 337, 340 [244 P.2d 750] ; *People* v. *Bagley,* 133 Cal. App.2d 481, 484 [284 P.2d 36].) Defendant conceded that he was a user of the drug, which means an addict; he was under the influence of a narcotic at the time of his apprehension, and in the absence of evidence that the mythical Hamilton was an addict or peddler the fair inference would be that the "fix" in question had been secreted by defendant in the closet for his own use at a not distant date.

The judgment and order denying new trial are affirmed.

Moore, P. J., and Fox, J., concurred.