[No. D010830. Fourth Dist., Div. One. Jan. 24, 1990.]

DONALD WILLIAM ARMSTRONG, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Francis J. Bardsley, Public Defender, Richard P. Siref and Evelyn W. Goldman, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Edwin L. Miller, Jr., District Attorney, Thomas F. McArdle and Paul M. Morley, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**BENKE, Acting P. J.**—Defendant Donald William Armstrong, petitioner herein, was arrested on a charge of possessing a controlled substance for sale in violation of Health and Safety Code section 11378. The arrest grew out of a controlled purchase during which he paid for the narcotics but never received actual physical possession of the contraband. The question petitioner raises is whether under such circumstances he can be said to have constructively possessed the narcotic. He seeks a writ, arguing the trial court erred in denying his motion to dismiss the charge. The People respond that the defendant had fulfilled all commercial obligations respecting the sale and his resulting right to the contraband constituted constructive possession. We conclude that neither the existence of a police controlled setting for the purchase nor the existence of an agreement to purchase the contraband are determinative of a finding of constructive possession. We further conclude there is no evidence in the record before us that petitioner exhibited control over or right to control the contraband. Thus we grant the writ.

### BACKGROUND

The relevant facts are not in dispute. During the first week of July 1989, petitioner began negotiating with undercover police officer John Heggestuen to purchase three pounds of methamphetamine for over $6,000 per pound.

Acting in accord with plans made with petitioner, Heggestuen arrived at a designated motel in Chula Vista. The controlled substance was concealed under the spare tire of Heggestuen's car. Following some preliminary discussion, petitioner told Heggestuen he did not have the necessary cash in his possession but had to get it from his partner. He requested Heggestuen provide a sample of the contraband for his partner to examine. Heggestuen agreed and gave him about one-half ounce of the substance. They made arrangements to meet at the same location later that afternoon. Before departing, petitioner showed Heggestuen an assortment of collectible stamps which he wished to "get rid of."

Later that day when petitioner met with Heggestuen, he told the officer his partner had not approved of the quality of the methamphetamine and thus he did not wish to make the purchase. The officer thanked him and told him to call if he wished to make other purchases. The next day petitioner called and asked to meet Heggestuen.

On July 7, 1989, petitioner told Heggestuen he wished to trade one pound of methamphetamine for his collection of stamps. Heggestuen agreed, even though the value of the stamps was unknown.

When Heggestuen and petitioner met to make the exchange, Heggestuen opened the back hatch of his Blazer and petitioner placed the box of stamps in the back of the car. Heggestuen then took a one-pound bag of methamphetamine from the back of the car. As he was about to remove it from the car in order to hand it to petitioner, other officers at the scene moved in and arrested petitioner. At the preliminary hearing, Heggestuen testified he was not "going to . . . let a pound of methamphetamine walk away." There is no indication Heggestuen intended to prevent physical delivery of the contraband to petitioner.

### Analysis

 The issue presented to us is whether a defendant may be held to be in constructive possession of contraband where he has entered into and fulfilled all terms of an agreement to purchase the contraband from government agents who have not yet handed the goods to him and who, once the goods are delivered, do not intend to permit the defendant to leave the premises with the contraband.

Any discussion of the concept of "possession" must be premised by the acknowledgment that it is surely among the vaguest of all vague terms with which those who draft legal principles must work. (*State* v. *Strutt* (1967) 4 Conn. Cir. 501 [236 A.2d 357, 359-360].) We focus here on but one aspect of this concept, constructive possession.

The rule defining constructive possession is easily stated. Constructive possession exists when a defendant "maintains control or a right to control the contraband." (*People* v. *Showers* (1968) 68 Cal.2d 639, 643-644 [68 Cal.Rptr. 459, 440 P.2d 939].) Less clear are the concepts of "control" and "right to control."

Early cases have held an accused may be deemed to have the same possession as any person actually possessing the narcotic where the accused "retains *the right* to exercise dominion and control over the property." (*People* v. *Showers, supra*, 68 Cal.2d at p. 644, italics added; see also *People* v. *Blunt* (1966) 241 Cal.App.2d 200, 204 [50 Cal.Rptr. 440]; *People* v. *Graves* (1948) 84 Cal.App.2d 531, 534-535 [191 P.2d 32].) Other cases have held that where the contraband is in the actual possession of a third party, the accused may be held to be in constructive possession where the accused has an "*immediate right*" to exercise dominion and control over the narcotics." (*People* v. *Francis* (1969) 71 Cal.2d 66, 71 [75 Cal.Rptr. 199, 450 P.2d

591]; *People* v. *White* (1958) 50 Cal.2d 428, 431 [325 P.2d 985].) More recently, the California Supreme Court, citing its decisions in both *People* v. *Showers* and *People* v. *Francis,* has held constructive possession may be shown by establishing the accused "maintained some control *or right to control* over contraband in the physical possession of another." (*People* v. *Rogers* (1971) 5 Cal.3d 129, 134 [95 Cal.Rptr. 601, 486 P.2d 129], italics added; see also *People* v. *Sinclair* (1933) 129 Cal.App. 320, 322 [19 P.2d 23].).[1]

For purposes of drug transactions, the terms "control" and "right to control" are aspects of a single overriding inquiry into when the law may punish an individual who is exercising such a degree of intentional direction over contraband that he can be justifiably and fairly punished in the same manner as if he were indeed in actual physical possession of a controlled substance. Implementation of this policy necessarily encompasses a potentially wide variety of conduct in a wide variety of settings, all directed by such factors as the alleged offender's capacity to direct the illicit goods, the manifestation of circumstances wherein it is reasonable to infer such capacity exists and the degree of direction being exercised by the accused over the contraband. (See *People* v. *Sinclair, supra,* 129 Cal.App. 320, 322; see also *State* v. *McCoy* (1989) 116 N.J. 293 [561 A.2d 582, 586]; *State* v. *Sherry* (1983) 233 Kan. 920 [667 P.2d 367, 379]; *United States* v. *Disla* (9th Cir. 1986) 805 F.2d 1340, 1350; *Rodella* v. *United States* (9th Cir. 1960) 286 F.2d 306, 311.)

█ Because the totality of circumstances will determine whether a defendant has exercised the requisite control over contraband in the hands of another, we conclude the nature of the sale here (i.e., the controlled setting whereby police agents expressed their intention not to let defendant leave the premises with the goods) is not determinative of whether he has exercised control. Even within a controlled setting or its equivalent, a defendant might so directly verbalize disposition or movement of the drug as to warrant the inference he possesses it. (See *People* v. *Sinclair, supra,* 129 Cal.App. at pp. 322-323.)

Likewise we reject the position that a verbal agreement or contract to purchase drugs will, alone, establish constructive possession. We have found no authority which has established constructive possession based

---

[1] We note CALJIC No. 12.01 tracks this change in definition of constructive possession for purposes of Health and Safety Code sections 11351, 11351.5, 11378 or 11378.5. Prior to 1989 the instruction read: "Constructive possession does not require actual possession but does require that a person knowingly have the right of control over a thing, either directly or through another person or persons." Currently, it reads: "Constructive possession does not require actual possession but does require that a person knowingly exercise control *or right to control* a thing, either directly or through another person or persons." (Italics added.)

upon a bare agreement to purchase illegal contraband. We thus conclude that in the prosecution of an individual for the offense of possession of narcotics for purposes of sale, the nature and terms of such purchase agreements are more appropriately factors in determining whether the defendant has exercised the requisite control over the illegal goods.[2]

▮ Turning to the case at hand, we recognize that we are bound by the well-settled principle that " '[a]n information will not be set aside or a prosecution thereon prohibited if there is some rational ground for assuming the possibility that an offense has been committed and the accused is guilty of it. [Citations.] [¶] A reviewing court may not substitute its judgment as to the weight of the evidence for that of the magistrate, and, if there is some evidence to support the information the court will not inquire into its sufficiency. . . .' " (*Williams* v. *Superior Court* (1969) 71 Cal.2d 1144, 1147-1148 [80 Cal.Rptr. 747, 458 P.2d 987].)

▮ Here, there is evidence petitioner exercised some control over the physical setting in which the sale was to take place. He initiated the sale process of the drugs. He agreed to meet the officer at a particular location. He paid Officer Heggestuen. He was prepared to take immediate physical possession of the drugs. We believe, and defendant agrees,[3] that while such actions may establish the offense of attempted possession of a controlled substance (see *United States* v. *Batamina* (9th Cir. 1980) 623 F.2d 1366), they do not demonstrate he was exercising "control" over the contraband itself for purposes of finding constructive possession. He did not direct the contraband be moved within a room. Nor did he take any other action which exhibits control over the drugs. A defendant agreeing to meet the police, paying for and standing ready to receive the goods, without more, does not constitute the requisite control necessary to establish constructive possession.

The writ is granted; the stay granted by this court is hereby vacated.

Huffman, J., and Froehlich, J., concurred.

A petition for a rehearing was denied March 5, 1990, and the opinion was modified to read as printed above.

---

[2] Unlike Health and Safety Code section 11378 charged in the present case, sections 11351 and 11351.5 also proscribe "purchases for purposes of sale." This opinion is not intended to resolve the viability of a prosecution under the same or similar facts as a purchase for purposes of sale.

[3] By letter brief filed October 3, 1989, petitioner concedes he may be held accountable on the offense of attempted possession.