**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Hugo NAVARRO–COYAZO,**
**Defendant—Appellant.**

No. 03–30491.

D.C. No. CR–03–02094–RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 6, 2004.

Decided Aug. 27, 2004.

Robert A. Ellis, Office of the U.S. Attorney, Yakima, WA, for Plaintiff–Appellee.

Rebecca L. Pennell, Federal Defenders of Eastern Washington & Idaho, Yakima, WA, for Defendant–Appellant.

Before HALL, CALLAHAN, Circuit Judges, and BERTELSMAN,* District Judge.

## MEMORANDUM**

Defendant Hugo Navarro–Coyazo appeals his criminal sentence of 77 months' imprisonment imposed following his guilty plea conviction for being an alien who reentered the United States without permission following deportation in violation of 8 U.S.C. § 1326. We vacate the sentence imposed and remand for resentencing.

The district court improperly enhanced Defendant's sentence by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(i), based upon his 1994 conviction by guilty plea to a violation of California Health and Safety Code § 11351, because a generic conviction under that state statute does not qualify facially as a "drug trafficking offense" under the categorical approach established in *Taylor v. United States,* 495 U.S. 575, 600–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). Specifically, § 11351 criminalizes the "purchase" of a controlled substance, which arguably may be proven even though the defendant never actually or constructively possessed the substance.[1]

Second, under the modified categorical approach, the record currently before this court concerning Defendant's 1994 drug conviction is insufficient to support the enhancement under our circuit's case law.[2]

In sum, the record presently lacks documents that would enable the government to carry its burden of proving the elements of the state offense to which Defendant pled guilty, such as a transcript of his plea colloquy, the criminal judgment itself, or some other reliable evidence. Therefore, on remand the district court should permit the government to tender additional proof prior to engaging in the modified categorical *Taylor* analysis and resentencing.

As for Defendant's other arguments on appeal, we find them to be without merit.

**VACATED** and **REMANDED.**

---

* The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. *See Armstrong v. Superior Court,* 217 Cal. App.3d 535, 540 n. 2, 265 Cal.Rptr. 877 (Cal.App.1990)(implying that a defendant who arranges to buy, and pays for, a controlled substance, but who never constructively or actually possesses the substance, could nonetheless be prosecuted for "purchasing" the drug); California Jury Instructions—Criminal 12.01 ("Controlled Substance (Sche. I–V)—Illegal Possession or Purchase for Sale") (delineating the "purchase" element of § 11351 as independent from actual or constructive possession).

2. *See United States v. Matthews,* 374 F.3d 872, 875 n. 1 (9th Cir.2004) (holding that facts recited in presentence report would "seem to make this an easy case but for the law in this circuit" prohibiting reliance on PSRs); *United States v. Kovac,* 367 F.3d 1116, 1119 (9th Cir.2004) (holding that charging complaint, state presentence report, and judgment were insufficient to establish elements of predicate offense); *United States v. Navidad–Marcos,* 367 F.3d 903, 908–09 (9th Cir.2004) (district court improperly relied on abstract of state court judgment to determine nature of prior conviction); *United States v. Pimentel–Flores,* 339 F.3d 959, 968 (9th Cir.2003) (district court improperly relied on factual description of prior offense in presentence report).