**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Nicanor ESTRADA–SOTO,**
**Defendant—Appellant.**

No. 03–10643.

D.C. No. CR–03–00168–RLH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2004.

Decided Oct. 27, 2004.

Robert A. Bork, USLV—Office of The U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Rene L. Valladares, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before RYMER, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM *

Nicanor Estrada–Soto appeals his sentence following a guilty plea to unlawful reentry into the United States after prior deportation. We affirm.

Our review is for plain error as Estrada–Soto did not object to an increase in offense level pursuant to USSG § 2L1.2, and we see none. The statute under which Estrada–Soto was previously convicted criminalizes constructive as well as actual possession of cocaine for the purpose of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sale. In California, constructive possession includes maintaining control over, or the right to control, controlled substances. *People v. Showers,* 68 Cal.2d 639, 643–44, 68 Cal.Rptr. 459, 440 P.2d 939 (1968); California Jury Instructions—Criminal (CALJIC) 12.01. "Purchase" of cocaine for the purpose of sale is not obviously different from, or broader than, this. Neither *Armstrong v. Superior Court,* 217 Cal.App.3d 535, 539–40, 265 Cal.Rptr. 877 (1990), nor *People v. Howard,* 33 Cal. App.4th 1407, 39 Cal.Rptr.2d 766 (1995), requires a different result because different statutes were involved and Estrada–Soto was not convicted for an inchoate crime.

Estrada–Soto suggests that his prior conviction fails to qualify because California does not require possession and intent to distribute to coincide. However, according to the Presentence Report to which Estrada–Soto did not object, he possessed a distribution-size quantity of drugs.

Estrada–Soto's argument that his statute of conviction criminalizes conduct involving substances that are not on the list of federally prohibited substances such as tilidine fails, because tilidine is a Schedule I controlled substance. *See* 21 C.F.R. § 1308.11(b)(54) (updating the schedules established in 21 U.S.C. § 812, under 21 C.F.R. § 1308.01).

Given this disposition, we need not consider either party's arguments on the modified categorical approach. *See United States v. Rivera–Sanchez,* 247 F.3d 905, 909 (9th Cir.2001).

Finally, Estrada–Soto's contention that being sentenced to more than two years offends *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is foreclosed by *United States v.*

*Pacheco–Zepeda,* 234 F.3d 411, 413 (9th Cir.2000).

AFFIRMED.