Mark Jeffrey CRAWFORD,
Petitioner—Appellant,

v.

Matthew KRAMER, Warden,
Respondent—Appellee.

No. 04–16216.
D.C. No. CV–03–02496–PJH.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 11, 2005.

Decided April 27, 2005.

Dallas Sacher, Sixth District Appellate Program, Santa Clara, CA, for Petitioner–Appellant.

Pamela K. Critchfield, AGCA—Office of the California Attorney General, San Francisco, CA, for Respondent–Appellee.

Before FERGUSON, NOONAN, and RYMER, Circuit Judges.

### MEMORANDUM *

Mark Jeffrey Crawford appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. We affirm.

### I

■ Crawford's ineffective assistance of counsel claim fails because there is no reasonable probability that the outcome of his trial would have been different had Monique Harmer, Tina Hudson, Michelle Simas, and Paul Crawford testified that Richard Hara lived in Crawford's apartment and possessed the drugs in the duffel bag found underneath the stairwell, and had the record of Hara's arrest and conviction for methamphetamine possession been presented to the jury. *Strickland v. Washington,* 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if the drugs were Hara's, the jury would still have found Crawford guilty on the basis of con-

structive possession because he exercised at least joint dominion and control over the drugs with Hara. *See Armstrong v. Superior Court,* 217 Cal.App.3d 535, 539, 265 Cal.Rptr. 877 (1990); *People v. Valerio,* 13 Cal.App.3d 912, 921, 92 Cal.Rptr. 82 (1970).

### II

■ For the same reason, the state court's decision that failure to disclose the fact of Hara's arrest was not material is not contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *see Kyles v. Whitley,* 514 U.S. 419, 434, 436, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995) (equating the prejudice inquiry under *Strickland* with the materiality inquiry under *Brady* ); *United States v. Bagley,* 473 U.S. 667, 682, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985) (same).

### III

■ While admission of Crawford's statements indicating the existence and location of the keys to the red toolbox was erroneous under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the California Court of Appeal did not unreasonably apply *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), in concluding that this error was harmless beyond a reasonable doubt. Ample circumstantial evidence (apart from his unwarned statements) showed that Crawford owned the red toolbox, and that it would have inevitably been discovered. The keys were lying four feet away from the red toolbox on a desk or coffee table. On the same keychain as the key that opened the red toolbox were a

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

key that opened the safe in Crawford's bedroom and keys that opened two cars of which Crawford was the registered owner. There was no evidence linking anyone else to the toolbox.

## IV

As the *Miranda* violation is the only constitutional error, and that error was harmless, Crawford's claim of cumulative error necessarily fails. In addition, he is not entitled to an evidentiary hearing because the facts Crawford alleges in his petition, if proven, would not entitle him to habeas relief. *See* 28 U.S.C. § 2254(e)(2); *Williams v. Taylor,* 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000).

AFFIRMED.