**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　　*Plaintiff-Appellee,*

　　　　　v.

RODRIGO ALEJANDRO MORALES-
PEREZ,
　　　　　　　*Defendant-Appellant.*

No. 05-10115

D.C. No.
CR-04-00094-JCM

OPINION

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted
November 18, 2005—San Francisco, California

Filed February 22, 2006

Before: Alfred T. Goodwin, Diarmuid F. O'Scannlain, and
Richard C. Tallman, Circuit Judges.

Opinion by Judge Goodwin;
Dissent by Judge Tallman

## COUNSEL

Rene L. Valladares, Assistant Federal Public Defender, Las Vegas, Nevada, for the defendant-appellant.

Robert A. Bork, Assistant U.S. Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

**OPINION**

GOODWIN, Circuit Judge:

Rodrigo Alejandro Morales-Perez appeals his 70-month sentence for unlawful reentry of a deported alien. Morales-Perez contends that the district court erred in finding that his prior conviction for possession or purchase of cocaine base for purposes of sale is categorically a drug trafficking offense warranting a sixteen level enhancement under United States Sentencing Guideline (U.S.S.G.) § 2L1.2(b)(1)(A). We hold that Morales-Perez's conviction for possession or purchase of cocaine base for purposes of sale, in violation of California Health & Safety Code section 11351.5, is not categorically a drug trafficking offense within the meaning of U.S.S.G § 2L1.2(b)(1)(A). We therefore vacate the district court's sentence and remand for the district court to conduct a modified categorical analysis at resentencing.

I.

Rodrigo Alejandro Morales-Perez pled guilty to one count of unlawful reentry of a deported alien in violation of 8 U.S.C. § 1326. On November 23, 2004, Morales-Perez filed a written objection to the presentence report's (PSR) calculation of his offense level which increased the base level by sixteen for a prior crime of violence conviction. He also argued that the court should not have considered his prior convictions at all. The government's response defended the PSR's calculations, and in the alternative, offered Morales-Perez's prior conviction under California Health and Safety Code section 11351.5 for possession for sale of cocaine base as a reason to increase the base offense level by sixteen levels. Morales-Perez's supplemental sentencing memorandum argued that the district court should apply a categorical approach and then a modified categorical approach to analyze his prior drug conviction.

At the December 6, 2004, sentencing hearing, the government argued that section "11351.5 does require at least constructive [possession] that's consistent with federal law and the sixteen level [increase] applies." The district court held that the Guidelines' definition of drug trafficking includes distribution and stated that "distribution would include possession, constructive possession, whether he could — under California statute if he purchased it for sale, that would be included." The sixteen level enhancement was applied without a modified categorical analysis because the district court held that "the federal definition of drug trafficking offense is broad enough to include the crime for which he was convicted here no matter how you read the state statute." Morales-Perez timely appealed his sentence.

## II.

United States Sentencing Guideline § 2L1.2(a) provides the base offense level for convictions under 18 U.S.C. § 1326. If a defendant previously was deported after "a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months," the defendant's offense level should be increased by sixteen levels. U.S.S.G. § 2L1.2(b)(1)(a). For the purposes of this increase, a drug trafficking offense is "an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv).

The district court held that Morales-Perez's prior conviction under California Health and Safety Code section 11351.5 was a drug trafficking offense under § 2L1.2(b)(1)(a). That statute is entitled "Possession of cocaine base for sale; punishment," and provides:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale cocaine base which is specified in paragraph (1) of subsection (f) of Section 11054, shall be punished by imprisonment in the state prison for a period of three, four, or five years.

CAL. HEALTH & SAFETY CODE § 11351.5 (West 2005).

To determine whether a prior conviction qualifies to enhance a defendant's sentence under the Guidelines, this court applies the *Taylor* categorical approach and then the modified categorical approach. *United States v. Vidal*, 426 F.3d 1011 (9th Cir. 2005) (holding that *Blakely* and *Booker* did not affect these approaches).

A.   *The* Taylor *Categorical Approach*

**[1]** The categorical approach to determining whether a prior conviction should be used to enhance a sentence "generally requires the trial court to look only to the fact of conviction and the statutory definition of the prior offense." *Taylor v. United States*, 495 U.S. 575, 602 (1990); *see also United States v. Navidad-Marcos*, 367 F.3d 903, 908 (9th Cir. 2004) (applying *Taylor*'s categorical approach to § 2L1.2(b)(1)(A)(i)'s drug trafficking enhancement). Here, the state statute in question criminalizes possession or purchase of cocaine base for sale.

1.   *Possess for Sale or Purchase for Sale are Independent Means of Violating Section 11351.5*

Morales-Perez argues that section 11351.5 does not fall completely within the Guidelines' definition of drug trafficking because purchase is not manufacture, import, export, distribution, dispensing or possession. The government contends that in order to be convicted at all under section 11351.5, one must possess a controlled substance. We have found no pub-

lished California opinion directly discussing this issue. The statute's plain meaning treats purchase and possession for sale as two independent means of violating the statute.

**[2]** Section 11351.5 punishes a person for possession of cocaine base for sale, or for purchase of cocaine base for sale. The statute does not require possession *and* purchase, and does not indicate that the disjunctive pairing is anything other than a list of alternative means of falling within the statute's purview.

**[3]** To read the word "purchase" as one form of possession would divest the purchase alternative of its independent meaning. "It is, however, a cardinal principle of statutory construction that we must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000) (internal quotation marks omitted). The purchase language can reach those who buy drugs without ever possessing them. *See, e.g.*, *Armstrong v. People*, 265 Cal. Rptr. 877 (Cal. Ct. App. 1990) (controlled purchase does not require actual or constructive possession). In addition, the fact that the statute's title mentions possession and not purchase "cannot limit the plain meaning of the text." *Pa. Dep't. of Corrs. v. Yeskey*, 524 U.S. 206, 212 (1998) (citation omitted). It is the plain meaning of the statute that possession and purchase for sale are two independent means of violating the law.

2. *Purchase for Sale is Not Drug Trafficking Under the Guidelines*

**[4]** For the purposes of § 2L1.2(b)(1)(a), a drug trafficking offense involves "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv). Possession for sale directly falls within this definition since sale is one means of distribution. However, pur-

chase is not a form of possession or of any other type of drug trafficking offense under § 2L1.2(b)(1)(a). Therefore, a California Health & Safety Code section 11351.5 purchase for sale conviction falls outside the Guidelines' definition of drug trafficking.

## B.  *The Modified Categorical Approach*

**[5]** Since section 11351.5 criminalizes activity which does not constitute drug trafficking under the Guidelines, "the conviction may not be used for sentence enhancement unless the record includes 'documentation or judicially noticeable facts that clearly establish that the conviction is a predicate conviction for enhancement purposes.' " *United States v. Corona-Sanchez*, 291 F.3d 1201, 1203 (9th Cir. 2002) (en banc) (quoting *United States v. Rivera-Sanchez*, 247 F.3d 905, 908 (9th Cir. 2001) (en banc)). This is called the modified categorical approach.

**[6]** A presentence report which does not indicate the source of its factual information is not a judicially noticeable fact for this analysis. *Corona-Sanchez*, 291 F.3d at 1212. The district court looked only to the PSR to determine Morales-Perez's prior convictions, and the PSR did not indicate the source of this information. Although the government referenced facts not included in the PSR at the sentencing hearing, the record does not reveal the source of any additional information regarding Morales-Perez's prior convictions. Therefore, the sentence must be vacated, and the case remanded. On remand, the "government will have the opportunity at re-sentencing to offer additional evidence to support the enhancement." *Navidad-Marcos*, 367 F.3d at 909.

### III.

Morales-Perez also argues that the district court violated his Sixth Amendment rights by considering his prior conviction at all in determining his sentence because he did not admit the

prior conviction when he pled guilty. A prior drug conviction "need not be proven beyond a reasonable doubt or admitted by the defendant to satisfy the Sixth Amendment." *United States v. Esparza-Gonzalez*, 422 F.3d 897, 907 (9th Cir. 2005). This argument therefore fails.

Morales-Perez finally seeks a limited remand pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc). Because we vacate his sentence and remand for resentencing pursuant to the modified categorical approach, we need not consider *Ameline*. However, the district court will resentence Morales-Perez under the current advisory system.

The sentence is VACATED, and the case is REMANDED for resentencing.

---

TALLMAN, Circuit Judge, dissenting:

We must presume that when the United States Sentencing Commission wrote the enhancement guideline for prior drug trafficking offenses it had in mind Title 21 of the United States Code. Section 841(a)(1) declares that it "shall be unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with *intent to . . . distribute* . . . a controlled substance . . . ." 21 U.S.C. § 841(a)(1) (emphasis added). That is the heart of federal drug trafficking offenses and the California statutes are no different. The intent to sell element is the key to the proper analysis which the majority overlooks.

California Health and Safety Code § 11351.5 provides that "every person who possesses for sale or purchases *for purposes of sale* cocaine base . . . shall be punished by imprisonment in the state prison . . . ." (Emphasis added). Like its federal counterpart, California's statute establishes multiple means by which a drug trafficking crime may be committed.

Nevertheless, just because California provides different ways to commit the same offense does not render the statute overly broad under the Supreme Court's categorical approach for determining whether a prior drug trafficking offense can be used to enhance a recidivist's sentence. *See Taylor v. United States*, 495 U.S. 575 (1990). Because § 11351.5 meets the *Taylor* test, we need go no further.

Whether Morales-Perez was in actual possession of the cocaine base or had simply purchased the cocaine base with the intent to distribute is not significant. One simple fact remains, had Morales-Perez been prosecuted in federal court for the same conduct which violated California law, he would have been prosecuted for possession with intent to distribute under 21 U.S.C. § 841(a)(1), *see United States v. Ivy*, 973 F.2d 1184, 1188 (5th Cir. 1992) (finding actual possession when the defendant "handed over $20,000 in cash for the cocaine" and "took the package and began to open it before his arrest"), *abrogated on other grounds by Bailey v. United States*, 516 U.S. 137 (1995), or at least attempted possession with intent to distribute under 21 U.S.C. §§ 841(a)(1) and 846, *see United States v. Rosalez-Cortez*, 19 F.3d 1210, 1217 (7th Cir. 1994) (upholding conviction for attempted possession with intent to distribute when defendant furthered the purchase by helping to hide the money, and the defendant accompanied the others to deliver the money and complete the purchase of the cocaine).[1]

For instance, in *United States v. Hernandez*, No. 04-16663, 2005 WL 3525613 (11th Cir. Dec. 27, 2005), the Eleventh Circuit upheld a conviction for possession with intent to distribute two kilograms of cocaine hydrochloride under 21

---

[1]The attempted possession with intent to sell is a drug trafficking offense as defined by the United States Sentencing Guidelines ("U.S.S.G."). *See* U.S.S.G. § 2L1.2 cmt. n.5 ("[Prior drug trafficking offenses] include the offense of aiding and abetting, conspiring, and attempting, to commit such offenses.").

U.S.C. §§ 841, 846, when the only evidence connecting the defendant to the crime was the fact that he tendered the money to purchase the drugs and then subsequently requested that his portion of the drugs be brought to him. *Id.* at *1, *4. While a co-conspirator acknowledged that Hernandez was a purchaser, there was no evidence that Hernandez obtained actual possession of the drugs. However, what the evidence did prove was a completed purchase; by purchasing the drugs Hernandez obtained the right to control the drugs. Because Hernandez aided and abetted the crime of possession of cocaine with intent to distribute, he could be punished as a principle, *see* 18 U.S.C. § 2; *Hernandez*, 2005 WL 3525613, at *4, and the Eleventh Circuit concluded that there was sufficient evidence to sustain his conviction for possession with intent to distribute under 21 U.S.C. §§ 841, 846, *Hernandez*, 2005 WL 3525613, at *4.

Therefore, under federal drug trafficking laws, Hernandez was convicted for possession with intent to distribute under the same facts that the majority argues would only qualify as a "purchase" with intent to distribute. Yet, Hernandez's conviction, because it occurred in federal court, would categorically qualify as a drug trafficking offense under the Sentencing Guidelines, whereas Morales-Perez's state conviction does not. *See* U.S.S.G. § 2L1.2 cmt. n.5. The result makes no sense.

The whole point of this exercise is to determine when a federal defendant should be punished more harshly for a subsequent conviction when he has been previously convicted of a drug trafficking crime. The district court had little difficulty in concluding that Morales-Perez had previously been involved in drug dealing activities. It concluded that "the federal definition of drug trafficking offense is broad enough to include the crime for which [Morales-Perez] was convicted . . . no matter how you read the state statute." I agree. The district court gave a sensible reading to the California statute and we should do the same.

At a minimum, the California statute requires the purchase or possession of drugs with intent to sell. When convicted of possession of cocaine base with the requisite intent to sell, Morales-Perez committed a drug trafficking offense as contemplated by the Sentencing Guidelines. *See* U.S.S.G. § 2L1.2(b)(1)(A). Because the majority's overscrupulous application of the *Taylor* categorical approach to § 11351.5 defies any common sense reading of the Sentencing Guidelines, I respectfully dissent.

The "purchase for purpose of sale" is the quintessential "drug trafficking offense." After the purchaser has completed his purchase, he has obtained the right to control the purchased item. Under California law, a person has constructive possession when he "maintains control or the right to control the contraband." *People v. Showers,* 68 Cal. Rptr. 459, 644 (1968). Because the definition of "drug trafficking offense" is broad enough to include both constructive as well as actual possession, I would find that a conviction under § 11351.5 categorically qualifies as a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A). The Fifth Circuit agrees. *See United States v. Palacios-Quinonez,* 431 F.3d 471, 473-77 (5th Cir. 2005) (finding that the district court did not err in upholding the use of a conviction under California Health and Safety Code § 11351.5 as constituting a drug trafficking offense under U.S.S.G. § 2L1.2(b)(1)(A));[2] *United States v.*

---

[2]The majority's decision is inconsistent with the Fifth Circuit's reasoning in *Palacios-Quinonez*. The *Palacios-Quinonez* panel reviewed the district court's decision for plain error. 431 F.3d at 473. There are three steps to the plain error analysis: (1) was there an error; (2) was it plain by being clear or obvious; and (3) did it affect the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 731-37 (1993). The *Palacios-Quinonez* panel never reached the question of whether the error was plain or obvious because it held that the district court did not err in finding that a prior conviction under § 11351.5 categorically qualified as a drug trafficking offense. *See* 431 F.3d at 474 (dismissing the argument that it is "possible to purchase controlled substances without actually or constructively possessing them" as lacking any merit (internal quotation marks omitted)).

*James*, 430 F.3d 1150, 1153-54 (11th Cir. 2005) (holding that a Florida statute which criminalizes the purchase or possession of 28 grams or more of cocaine qualifies as a "serious drug offense" under the Armed Criminal Career Act).

In *James*, the issue was whether a conviction under Florida statute § 893.135(1)(b)(1) falls within the definition of "serious drug offense" under the Armed Career Criminal Act. Similar to the definition of drug trafficking offense under the Sentencing Guidelines, the Armed Career Criminal Act defines a serious drug offense as "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . ." 18 U.S.C. § 924(e)(2)(A)(ii). The Florida statute provided that "[a]ny person who knowingly sells, purchases, manufactures, delivers, . . . or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine, . . . commits a felony of the first degree . . . ." FLA. STAT. § 893.135(1)(b)(1). Although the Florida statute contained the word "purchase" when the definition of "serious drug offense" did not, the Eleventh Circuit nonetheless found that the Florida statute fell within the broad definition of a serious drug offense for purposes of sentencing enhancement. *James*, 430 F.3d at 1155.[3] The court believed that if it held otherwise, it "would create an anomaly." *Id.*

---

[3]The primary issue in *James* was whether the Florida statute satisfied the "[Armed Career Criminal Act's] requirement that the offense involve the 'intent to manufacture or distribute' because the Florida statute does not have 'as an element' of the offense an intent to manufacture or distribute." 430 F.3d at 1153 (internal citation omitted). The Eleventh Circuit held that it did have the required intent element because "Florida's drug trafficking statute necessarily infers an intent to distribute." *Id.* at 1155. Although it did not directly address the effect of the Florida statute including "purchase" as a means of violating the statute, the Eleventh Circuit found that the Florida statute categorically qualified as a serious drug offense. I find this to be persuasive and analogous to the California statute at issue here.

In this case, the majority creates an anomaly by holding that a conviction for the purchase of cocaine base with the intent to sell does not qualify as a drug trafficking offense under the Sentencing Guidelines. But, under both federal and California law, it is the act completed with the intent to sell that differentiates simple possession of a small quantity for personal use from possession with intent to distribute. Further, the term "possession," as it is used in the Sentencing Guidelines to define a drug trafficking offense, encompasses constructive as well as actual possession. *Palacios-Quinonez*, 431 F.3d at 477; *see also United States v. Smith*, 962 F.2d 923, 929 (9th Cir. 1992) ("Possession of a controlled substance with intent to distribute may be either constructive or actual." (citing *United States v. Disla*, 805 F.2d 1340, 1350 (9th Cir. 1986))); *United States v. Batimana*, 623 F.2d 1366, 1369 (9th Cir. 1980) (holding that possession of a controlled substance under 21 U.S.C. § 841(a)(1) may be actual or constructive). California construes its drug trafficking laws similarly. *See Showers*, 68 Cal. Rptr. at 644 ("Possession may be actual or constructive."). If a person can be convicted of possession with intent to sell when he exhibits only constructive possession, then logically, constructive possession with intent to sell must also qualify as a drug trafficking offense under the Sentencing Guidelines.

The majority argues that a person can purchase something without actually obtaining possession of that item, and that if we construe the statute any differently, we would "divest the purchase alternative of its independent meaning." Maj. op. 1937. However, "a completed purchase transfers the 'legal' right to control the substance from the seller to the purchaser or his agents." *Palacios-Quinonez*, 431 F.3d at 474. Therefore, because a purchaser has the legal right to control the purchased item, he has also obtained constructive possession of that item.

The California courts have never held that someone can purchase contraband without ever obtaining possession. In

*Armstrong v. Superior Court*, 217 Cal. App. 3d 535 (Ct. App. 1990), the California Court of Appeal found no constructive possession when the defendant "entered into and fulfilled all terms of an agreement to purchase the contraband from government agents." *Id.* at 538. Importantly, in that case the law enforcement agents never intended to give up their right to control the contraband to the defendant and the purchase was never completed. *Id.* Thus, the defendant never obtained the "right to control." Unlike § 11351.5, the statute at issue in *Armstrong* did not criminalize the purchase with intent to sell, and the *Armstrong* court refused to decide whether the defendant's actions in that case constituted a purchase rather than an attempted purchase. *See id.* at 540 n.2; *see also Palacios Quinonez*, 431 F.3d at 474-75. The California court did not need to address the issue, and by refusing to do so, it did not implicitly find that a defendant who never possesses contraband can nonetheless be prosecuted for purchasing the contraband. *See Palacios-Quinonez*, 431 F.3d at 475.

More to the point, under California law, a defendant who purchases contraband with the intent to sell necessarily has constructive possession of the contraband. A defendant "has constructive possession when he maintains control or a right to control." *Showers*, 68 Cal. Rptr. at 644; *see also* California Jury Instructions — Criminal 12.01 (" 'Constructive possession' does not require actual possession but does require that a person knowingly exercise control over or right to control a thing, either directly or through another person or persons."). Once the purchase is completed, the purchaser becomes the owner of the purchased property. In other words, the purchaser obtains the "right to control" that property and, hence, has constructive possession of it. *See United States v. Johnson*, 187 F.3d 1129, 1134 (9th Cir. 1999) (defining constructive possession as the "*ownership*, dominion or control over the contraband" (emphasis added) (internal quotation marks and citation omitted)).

Furthermore, when the purchase requirement is combined with the intent to sell element of the statute, it is clear that the purchaser has the requisite right to control the contraband. A defendant's sentence cannot be enhanced for a prior "drug trafficking" conviction if that conviction required mere possession or purchase of contraband. *United States v. Herrera-Roldan*, 414 F.3d 1238, 1240 (10th Cir. 2005) (holding that a Texas statute that criminalized the mere possession, not possession with intent to distribute, did not categorically qualify as a drug trafficking offense under the Sentencing Guidelines). However, the California statute requires more than simple possession or a purchase; it also requires, as an element of the crime, that the defendant have the intent to distribute. *Cf. United States v. Benitez-Perez*, 367 F.3d 1200, 1240 (9th Cir. 2004) (holding that a Nevada statute "which provides that 'it is unlawful for a person to possess for the purposes of sale' . . . any controlled substance" categorically qualified as a drug trafficking offense). If it can be proved that the defendant had the intent to sell the contraband, it follows that the defendant had the right to control that item, and is "trafficking" in that commodity.[4]

By correctly holding that this statute categorically qualifies as a drug trafficking offense under the Sentencing Guidelines, we would not be neglecting the "cardinal principle of statutory construction that [we] must give effect, if possible, to every clause and word of a statute." *Williams v. Taylor*, 529 U.S. 362, 404 (2000). A purchaser of an item acquires the "right to control," or an ownership interest in the purchased item through a transfer from a third party. *Palacios-Quinonez*, 431 F.3d at 476 n.6. By separating purchase and possession,

---

[4]In comparison, a person who is ordered to purchase an item for a third party may never obtain actual or constructive possession of that item. However, such a situation would not result in a conviction under this statute. Under § 11351.5, a defendant must purchase the contraband with the intent to sell. Therefore, the defendant is not merely purchasing the contraband for a third party; he is purchasing the contraband to resell it. In order to resell that contraband, he must have some "right to control."

the California statute merely makes it clear that possession with intent to sell is enough, as it is under federal law. *Cf.* 21 U.S.C. § 841(a)(1). A defendant does not necessarily have to purchase the drugs (acquire them through transfer) in order to be convicted. Rather, a defendant may obtain possession by another means, such as by manufacturing, stealing, or finding the contraband. *Palacios-Quinonez*, 431 F.3d at 476 n.6.

The distinction becomes even more evident when it is considered in the context of joint possession. In California, possession of contraband "can be predicated upon a showing of nonexclusive or joint possession." *People v. Saldana*, 157 Cal. App. 3d 443, 460 (1984). Therefore, although a third party may have purchased the contraband, the purchase by a third party does not preclude prosecuting a defendant who is in actual or constructive possession of that same contraband without having actually purchased it himself.

The district court got it right. A common sense reading of the California statute leads to only one logical conclusion: it is a drug trafficking offense. A defendant who completes the purchase of contraband with the intent to resell it has obtained the "right to control" or sell that contraband. He has possession. In federal court, Morales-Perez would have been convicted of either possession with intent to distribute or attempted possession with intent to distribute. Both are offenses that fall within the definition of a drug trafficking offense in the Sentencing Guidelines. Consequently, a conviction under California Health and Safety Code § 11351.5 categorically qualifies as a predicate drug trafficking offense and the district court correctly enhanced the federal sentence by 16 levels under U.S.S.G § 2L1.2(b)(1)(A). I respectfully dissent.