**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DEMETRIO COCONI-MUÑOZ,

Defendant-Appellant.

No. 07-2153

District of New Mexico

(D.C. NO. 2:06-CR-02161-JH-1)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **HOLLOWAY** and **McCONNELL**, Circuit Judges.

On June 5, 2007, Demetrio Coconi-Muñoz pleaded guilty to one count of re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). The district court, reckoning that Mr. Coconi-Muñoz's previous California conviction for purchase or possession of cocaine with intent to distribute was a "drug trafficking offense," enhanced his offense level under Section 2L1.2(b)(1)(A) of the United States Sentencing Guidelines by 16 points and sentenced him to a term of 46 months' imprisonment. Mr. Coconi-Muñoz timely appealed, and we affirm.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I. BACKGROUND

After Mr. Coconi-Muñoz's plea and conviction, the government submitted to the district court a Presentence Investigation Report (PSR) to assist the district court in calculating his advisory sentence under the United States Sentencing Guidelines. Among his prior convictions, the PSR listed the 2001 California offense of "Possession of Cocaine for Sale (Felony)," a conviction for which Mr. Coconi-Muñoz was sentenced to two years' custody and served just over one. R., Vol. II, PSR, at 6. For Guidelines purposes, the PSR began with a base offense level of 8, *see* U.S.S.G. § 2L1.2(a), and enhanced the score by 16 points because it regarded his California conviction as a "felony that is . . . a drug trafficking offense for which the sentence imposed exceeded 13 months," *id.* § 2L1.2(b)(1)(A). It recommended a 3-point reduction to reflect Mr. Coconi-Muñoz's acceptance of responsibility, *see id.* § 3E1.1 and arrived at a total offense level of 21. His criminal history category was V (five), but on the basis of his record the PSR recommended a downward departure to treat him as if it he were in Category IV. The result would be an advisory sentencing range of 57 to 71 months.

Mr. Coconi-Muñoz filed an objection to the PSR seeking a lower sentence. He stated that "[it] is not possible that he pled to possession for sale, and that the drugs were for his personal use. Mr. Coconi-Muñoz has consistently maintained that he had a drug problem but has never sold drugs." R., Vol. I, Doc. 30, at 1–2.

2

He also argued that he "would have received a recommendation to level 12, if his conviction had been properly recorded." *Id.* at 1. How he arrived at the number 12 we do not know. In response, the government again urged the 16-point enhancement for a drug trafficking offense, and attached a California court document called an Abstract of Judgment recording the conviction as "POSS[ESSION] OF COCAINE FOR SALE" in violation of California Health & Safety Code § 11351. R., Vol. II, PSR, att.

At a sentencing hearing held June 5, 2007, Mr. Coconi-Muñoz stated that in his California case "he was under the impression that he was just pleading to possession of drugs" and claimed that his conviction "was not possessing for sale, it was simply possession." R., Vol. IV, at 3, 6. He admitted, however, "that [the PSR] correctly calculated the guidelines." *Id.* at 6. The government, for its part, agreed to an additional 2-point reduction in the offense level to reflect the fast-track plea program. The district court made no explicit ruling on Mr. Coconi-Muñoz's objection to the PSR nor any findings about his California conviction. It adopted the PSR in full, calculated Mr. Coconi-Muñoz's total offense level at 19, departed downward to consider his criminal history category as IV, and sentenced him at the bottom of the resulting Guidelines range of 46 to 57 months.

On appeal, Mr. Coconi-Muñoz raises a new argument: that a conviction under California's § 11351 cannot support the "drug trafficking offense" enhancement under Guideline 2L1.2(b)(1)(A) because the statute criminalizes

3

some conduct that is not, in fact, drug trafficking.

## II.  ANALYSIS

Mr. Coconi-Muñoz's advisory Guidelines range was enhanced because the district court found that he had previously been convicted of a "drug trafficking offense" under § 11351 of the California Health & Safety Code.  The Application Note to Guideline 2L1.2 defines that term:

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. 2L1.2 cmt. n.1(B)(iv).  Section 11351, the statute of conviction, provides:

> Except as otherwise provided in this division, every person who possesses for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, shall be punished by imprisonment in the state prison for two, three, or four years.

Cal. Health & Safety Code § 11351.

Mr. Coconi-Muñoz now argues that a "purchase[] for purposes of sale" may, under some circumstances, constitute neither actual or constructive possession.  An individual can be convicted under § 11351 for two different types of conduct: he can either *possess* drugs for sale or *purchase* drugs for purposes of

4

sale. He relies on *Armstrong v. Superior Court*, 265 Cal. Rptr. 877 (Cal. Ct. App. 1990), a leading California case on constructive possession. The defendant in that case had negotiated to buy a pound of methamphetamine from an undercover police officer. *Id.* at 879. The two met, and the defendant placed his tender, collectible stamps, in the back of the officer's vehicle. *Id.* The officer then removed the methamphetamine from his vehicle, and—in the blink of an eye, before he could hand it to the defendant—other officers stepped in and made an arrest. *Id.* The court of appeals held that he had not knowingly exercised control or the right to control the narcotics. "He did not direct the contraband be moved within a room. Nor did he take any other action which exhibits control over the drugs. A defendant agreeing to meet the police, paying for and standing ready to receive the goods, without more, does not constitute the requisite control necessary to establish constructive possession." *Id.* at 881. Mr. Coconi-Muñoz argues that it is possible that he, similarly, purchased the drugs involved in his California conviction without obtaining possession.

The problem with this argument is that it is contradicted by his own statements in district court. During his sentencing hearing, on June 5, 2007, Mr. Coconi-Muñoz stated that his California conviction "was not possessing for sale, it was simply possession." R., Vol. IV, at 6. Because by his own admission, his conviction was for possession—and therefore he was convicted under a prong of the statute which plainly does not encompass any non-drug-trafficking

5

offenses—his argument fails. *Compare with United States v. Hays*, 526 F.3d 674, 676 n.1 (10th Cir. 2008) (the court could not "determine under which prong the defendant was convicted" and because the first prong of the statute of conviction did not qualify as a federal crime of domestic violence, conviction was reversed).

We therefore have no need to consider the reasoning of the Fifth and Ninth Circuits, both of which have held, on different grounds, that a conviction of purchase of illegal drugs is properly classified as a conviction of possession of those drugs. *United States v. Palacios-Quinonez*, 431 F.3d 471, 475 (5th Cir. 2005); *United States v. Morales-Perez*, 467 F.3d 1219, 1222 (9th Cir. 2006). Because the defendant admitted that he was convicted of the crime of possession, the district court had no need to engage in further inquiry on the point.

Mr. Coconi-Muñoz's sentence is **AFFIRMED**.

Entered for the Court,

Michael W. McConnell
Circuit Judge