Filed 12/15/15  P. v. Parker CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051645 |
| v. | (Super. Ct. No. 13CF2527) |
| JONATHAN GERALD PARKER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Ronald E. Klar, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

John E. Edwards, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Jonathan Gerald Parker of possessing methamphetamine (count1) and marijuana (count 2) for sale. (Health & Saf. Code, §§ 11378, 11359.) In bifurcated proceedings regarding sentence enhancement allegations, the court found true an allegation Parker was free from custody on bail at the time of these offenses, and Parker admitted he had suffered four prison prior convictions. (Pen. Code, §§ 12022.1, subd. (b) & 667.5, subd. (b).)

The court sentenced Parker to a total term of six years in county jail, comprised of concurrent two-year middle terms on each of counts 1 and 2, plus consecutive two-year terms on the bail enhancement and two of the four prison priors. The court struck the remaining two prison priors for sentencing purposes only. The court stated it sentenced Parker in this manner because of his lengthy criminal history and the lack of a realistic chance of rehabilitation.

The court granted Parker a total of 638 days of credit for time served, consisting of 319 days of actual custody and 319 days of conduct credit under Penal Code section 4019. After this appeal was filed, the court granted Parker's informal request and awarded him an additional 20 days of presentence credits (10 actual plus 10 conduct) due to a flash incarceration in another case resulting from the conduct in this case.

Parker filed a timely notice of appeal.

We appointed counsel to represent Parker on appeal. Counsel filed a brief summarizing the proceedings and facts of the case and advised the court he found no arguable issues to assert on Parker's behalf. (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.) To assist us in our independent review of the record, counsel suggested we consider the issues set out below.

Counsel notified Parker that he could file a supplemental brief on his own behalf. We also notified Parker he could file a supplemental brief on his own behalf. However, the time for Parker to do so has passed and we have received no supplemental brief or other communication from him.

## FACTS

On August 6, 2013, Officer Evan Beresford was conducting surveillance at a residence in the city of Santa Ana. That afternoon, Beresford saw Parker walk out of the residence and after 10 or 15 minutes go back inside.

The following day Beresford, along with seven or eight other officers, served a search warrant at the residence. Prior to the search, another officer saw Parker walk from a nearby park to the residence, go inside for about five minutes and then walk back to the park.

The officers searching the residence found a baggie containing smaller Ziploc bags in the top drawer of a nightstand in the northeast bedroom. In the closet, they found a locked black box which contained methamphetamine, small Ziploc bags commonly used to package narcotics, marijuana, a digital scale and a letter from the University of Phoenix addressed to "Jonathan."

On the shelf next to the black box were two letters addressed to Parker at the residence. Men's and women's clothing was found in the bedroom. The officers did not check the sizes of the men's clothing, and they did not collect any fingerprints or DNA while executing the search warrant.

The prosecution drug expert opined Parker possessed the methamphetamine and marijuana for the purpose of sale.

Quianna Wiley testified as a defense witness. She lived at the residence, with her three sons, and two other individuals rented a room in the back. She testified the northeast bedroom was hers, and the men's clothing in that bedroom belonged to the children's father, Tony Foster, who kept clothing there because he was allowed to spend the night. She continued to have an intimate relationship with Mr. Foster. She also had a relationship with Parker, but they did not have sexual relations at the residence. She did not sleep with Parker in her bedroom, they always got a hotel.

Wiley testified Parker was allowed to enter the home through the back patio which was occupied by the renters. She told the police that if Parker wanted to leave something in the residence he could do so, but she did not know if he had left anything there. If Parker had left something there, she would not have asked any questions. She said Parker lives with his mother. She could not explain why mail addressed to Parker at the residence was found.

An officer testified in rebuttal that Wiley told him her boyfriend Parker keeps property in the northeast bedroom but he is not allowed to stay there. During the search, she denied that the black box was hers.

Russell Harmon testified he and his girlfriend Dawn Williams lived on the back patio of the residence which had been converted into a room. Harmon had never seen Parker handling methamphetamine and had never known Parker to either use or sell methamphetamine.

## DISCUSSION

We have independently reviewed the entire record according to our obligations under *Anders v. California*, *supra*, 386 U.S. 738 and *People v. Wende*, *supra*, 25 Cal.3d 436, including the issues suggested by counsel set out and discussed below, and we have found no arguable issues on appeal.

(1) Counsel cited *In re Adams* (1975) 14 Cal.3d 629 and *People v. Chung* (2015) 237 Cal.App.4th 462, and suggested we consider whether Parker may sustain two separate convictions for possessing two different drugs for sale at the same time. *Adams* involved a single incident of transportation, during which the defendant used his car to deliver multiple types of drugs to a single dealer. Similarly, *Chung* involved a single offer to sell multiple drugs to a single buyer. But in this case, the record supports an inference that Parker possessed the methamphetamine and marijuana for sale to more than one customer, so multiple convictions and even multiple punishments are permitted. (*People v. Blake* (1998) 68 Cal.App.4th 509, 512.)

4

(2)  Counsel suggested we consider whether Parker's custody credits were properly calculated because he was simultaneously in custody on this case and on case No. 13HF1275.  The only thing in the record on this issue is the discussion which occurred at the time of sentencing, and from that record we discern no error.

(3)  Counsel suggested we consider whether the court erred in sustaining the prosecutor's objection to the introduction of Parker's Department of Motor Vehicles Soundex address.  One of the police officers was asked if the address of the residence searched was the same as the address on the Soundex.  The prosecutor objected on hearsay and foundation grounds and, after some discussion, the court correctly sustained the foundation objection because the officer could not authenticate the Soundex.

(4)  Counsel suggested we consider whether the court erred in failing to give a sua sponte instruction regarding Wiley potentially being an accomplice, in light of Wiley's testimony the black box did not belong to her and that Parker was allowed to leave property at the residence.  No sua sponte instruction was required because there was insufficient evidence in the record that Wiley was an accomplice.  (*People v. Tobias* (2001) 25 Cal.4th 327, 331.)

(5)  Counsel suggested we consider whether the prosecutor engaged in improper argument when he commented upon the reasons he had challenged and retained jurors and, if so, whether there was any prejudice to Parker.  The prosecutor reminded the jurors that during voir dire he had told them he was looking for impartial and unbiased jurors with common sense and life experience.  He then said, "Notice the young girl that I got rid of, that was not even out of college yet.  Who here is a supervisor?  Who here is a manager?  Who here has children?  That's why I chose you."  "Assuming (which we do only for the purpose of this analysis) that the prosecutor's argument was improper, it is clear to us from our review of the record that the argument was harmless, and that no prejudice has been (or can be) demonstrated."  (*People v. Fernandez* (2013) 216 Cal.App.4th 540, 564.)

5

(6)  Counsel suggested we consider whether substantial evidence supports the verdict.  We have and it does.  (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Story* (2009) 45 Cal.4th 1282, 1296; *People v. Johnson* (1980) 26 Cal.3d 557, 578; *People v. Zamudio* (2008) 43 Cal.4th 327, 357-358.)

(7)  Counsel suggested we consider whether the jury was properly instructed on the requirements for finding constructive possession.  We have and they were.  (CALCRIM No. 2302; *Armstrong v. Superior Court* (1990) 217 Cal.App.3d 535.)

(8)  Counsel suggested we consider whether the court abused its discretion when it rejected Parker's request for split sentencing.  Penal Code section 1170, subdivision (h)(5) allows the court to reject split sentencing if "the court finds that, in the interests of justice, it is not appropriate in a particular case . . . ."  In this case the court found split sentencing was not appropriate because of Parker's lengthy criminal history and his lack of a realistic chance of rehabilitation.  This finding was well within the court's broad discretion.

**DISPOSITION**

The judgment is affirmed.


THOMPSON, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


FYBEL, J.

6